No. 24,341.

HALLIE S. CURRIE, *Appellee*, v. FREDERICK W. CURRIE, *Appellant*.

SYLLABUS BY THE COURT.

1. DIVORCE AND ALIMONY—*Decree Supported by Evidence.* In a suit for divorce where the evidence is conflicting a decree for plaintiff, supported by ample evidence, will not be disturbed.

2. SAME—*Alimony—Division of Property—Judicial Discretion.* Where a divorce is granted for the fault of the husband, the wife should be restored to the property owned by her at the time of marriage or acquired in her own right after marriage. As to property jointly acquired during the marriage, the trial court has a wide discretion in its division, and, unless such discretion is abused, the judgment of the court making the division will not be disturbed.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed July 7, 1923. Affirmed.

*Gilbert H. Frith,* of Emporia, *Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellant.

*Owen S. Samuel,* of Emporia, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a suit for divorce. There was a judgment for plaintiff and the defendant has appealed.

Appellant contends that the evidence was not sufficient to justify the court in granting the decree. No good purpose would be served by giving a synopsis of the evidence. It is voluminous. We have examined it carefully. The testimony of the plaintiff and her daughter and other witnesses, if believed by the court, as evidently it was, though contradicted in some respects by the defendant, is ample to sustain the decree. Where a decision of the trial court is reached upon conflicting evidence it will not be disturbed in this court if there is substantial evidence to sustain it.

Appellant complains of the division of the property; that the amount set off to him was inadequate. When the parties were married plaintiff had $5,000 insurance money, 150 shares of bank stock worth about $140 per share, and a rental business property in Emporia, the value of which is not shown. She also had a life estate only in a residence property in Emporia and in a rental business property in Emporia and in 353 acres of farm land near Emporia, the fee being in her daughter by a former marriage. There is some controversy as to what the defendant had at the time of the marriage. He testified that he had about $5,600 in cash, while plaintiff says he told her he had $3,000 and part of that was used on their wedding trip. Defendant managed the farms and put his money into the business. Soon after their marriage the plaintiff used her $5,000 insurance money and sold forty-four shares of her bank stock at $141 per share and bought 160 acres of farm land adjoining that on which she had a life estate. Some years later 320 acres, known as the Steele farm, was purchased for $12,200. This was paid for out of the income from the farms, except a $5,000 mortgage, which is still on the property. The parties lived together about fourteen years and during that time improvements costing about $19,000 were made upon the farms, rental properties and residence. These improvements were paid for out of the earnings from the farms, owned as above stated and managed by defendant. In conducting the farm and cattle business an indebtedness amounting to $18,000 was incurred and plaintiff sold the remainder of her bank stock for $22,000 and paid this indebtedness, the difference, $4,000, being invested in the building and loan. At the time of the divorce there was cash, liberty bonds, live stock and farm products on hand of the value of about $8,500. The evidence showed there had been a great increase in the value of farm land, which increase had been brought about in part by cultivation and improvement, and

Currie v. Currie.

in part by the natural increase of land values.  By the decree of the court the defendant was given $10,000 in cash and the plaintiff given the balance of the property.  Appellant complains of this and makes a computation based upon the value of the property at the time of marriage and the value at the time of divorce, from which he computes that the increase in value has been about $90,000, and he claims that he should have half of it.  This computation is erroneous for the reason that it is based upon the value of the property as distinguished from the value of the life estate of the plaintiff. The fee to most of this property does not belong to either of the parties to this action and its value cannot be taken into account in determining what the parties own.  There was no evidence to show the value of plaintiff's life estate at the time of the marriage, or whether it had increased or decreased in value at the time of divorce.  It is clear that the time for which the plaintiff can have the use of it is shortened about fourteen years.  This court cannot assume that her life estate was worth more at the time of the divorce than at the time of marriage.

Section 7581 of the General Statutes of 1915 provides:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored  .  .  .  to all the property, lands, tenements, hereditaments owned by her before her marriage or acquired by her in her own right after such marriage and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the property which came to him by marriage and the value of his real and personal estate at the time of said divorce;  .  .  .  And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

By the decree of the court the plaintiff was given a life estate in the same property in which she had a life estate at the time of her marriage, the 160 acres which she bought with her insurance money and her bank stock, the rental property in Emporia which she owned when married, and $4,000 invested in the building and loan, paid for with her bank stock (sold for $22,000).  The $18,000 note which she paid, being for indebtedness incurred in operating the farms, would about pay the $19,000 improvements, paid for out of the earnings of the farm.  This leaves the equity in the Steele

farm, $7,200, and about $8,500 personal property, making $15,700 jointly acquired property. Of this the defendant is given $10,000, the plaintiff retaining the balance, $5,700. She has the increased value of a 160-acre farm she bought and the increased value of rental property she owned in fee, but she is entitled to that under the statute. This may not be the computation made by the trial court, but it is one based upon the statute and the evidence. From it we cannot say the court abused its discretion to appellant's detriment. Appellant suggests that the family expenses were heavy. The evidence disclosed that most of those were met by the income from the rental properties in Emporia and the dividends from the bank stock which belonged to the plaintiff, and which she was entitled to use as she pleased, and besides that, the defendant assumed the burden of maintaining his household by entering into the marriage relation.

Finding no error in the record, the judgment is affirmed.