No. 34,032

Hazle Gertrude Turner Rolland, *Appellee,* v. C. E. Rolland, *Appellant.*

(85 P. 2d 21)

Opinion filed December 10, 1938.

*A. L. Billings,* of Independence, for the appellant.

*W. N. Banks, O. L. O'Brien, Walter L. McVey* and *Laurence McVey,* all of Independence, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for divorce. Judgment was for plaintiff. Defendant appeals.

Plaintiff was the wife. In her petition she charged that defendant was guilty of gross neglect of duty and extreme cruelty. In his answer defendant charged plaintiff with extreme cruelty and gross neglect of duty, and prayed for a divorce.

The court heard the evidence and found that the defendant was guilty of extreme cruelty and gross neglect of duty, and granted plaintiff a divorce. There were no children, and defendant does not appeal from that part of the decree having to do with the division of property.

The argument of defendant is that the judgment is not sustained by the evidence. The plaintiff testified that they were married on August 16, 1934, and lived together as husband and wife until February 7, 1938; that during that time defendant had not contributed over $25 to her support; that she paid for the groceries, the rent and the gas and light bills, and paid for her clothing; that she operated a beauty parlor from which she earned an average of $73.60 a month, and she used all this for living expenses; that she asked defendant to contribute toward her support but he said he was paying taxes, paying for bonds and paying interest on what he had; that he was jealous; never made friends and did not want her to go any place; did not want her to go see her mother; when her girl friends

came to see her he did not make them welcome; that he accused her of having men friends; that he was cross if she did not come home at noon; that when they were married she borrowed $1,200 on her insurance, and she loaned defendant this $1,200 and $350 additional soon after they were married. There was more evidence along the same general lines. To be sure, the defendant took the stand and denied some of this testimony. The trial court, however, had a better opportunity to determine who was telling the truth than this court has. A divorce case is no different from any other case. When the finding of a trial court is based on substantial, competent evidence, this court will not disturb this finding on appeal. In this case the trial court made extensive findings of fact. One of these findings was as follows:

"The court further finds that the defendant was guilty of cruelty in that he was continuously finding fault with her actions, cursing and threatening her friends, and wrongly insinuated she was having questionable relations with other men; that he not only failed to support her, but depended and relied upon her for his support."

It afforded a good foundation for the conclusion that plaintiff was entitled to a divorce.

The judgment of the trial court is affirmed.