No. 36,193

CHARLES E. PEARSON, *Appellee*, v. BERTHA PEARSON, *Appellant*.

(156 P. 2d 852)

Opinion filed March 10, 1945.

*Frank Hahn*, of Phillipsburg, *A. W. Relihan* and *T. D. Relihan*, both of Smith Center, were on the briefs for the appellant.

*W. A. Barron* and *W. C. Sullivan*, both of Phillipsburg, were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: Appellant complains of the division of property made in an action for divorce. The question is whether the trial court abused its discretion.

We first note that the abstract does not contain copy of a journal entry of judgment and appellant states that no journal entry was ever signed or filed. The primary duty and responsibility of preparing and filing the journal entry rested with the appellee, under the rules of this court (G. S. 1935, 60-3827, rule 49), and if the defeated party desired to appeal to this court steps should have been taken to see that a journal entry was filed in order that the clerk of the trial court might comply with the statutory requirement that a certified copy of the journal entry be forwarded here when an appeal is perfected. (G. S. 1943 Supp., 60-3307.) Under the same statute the clerk of this court would have been justified in refusing to docket the appeal until the statute had been complied with. Probably that should have been done. The fact that the appeal is not dismissed

in this instance carries no assurance of continued tolerance of failure to follow the statute.

Appellee, the husband, brought this action for divorce in January, 1943, on the ground of abandonment. The defendant, who was living in California, filed an answer denying generally and alleging among other things that by acts of extreme cruelty the plaintiff had made it impossible for her to continue to live with him. The defendant was not present in person at the trial, but evidence was offered in her behalf. The plaintiff testified and called one or two other witnesses. The trial court made findings favorable to the plaintiff, granted him a divorce, and made a division of the property. It is not necessary to set out the findings in full. The court found that the parties, both of whom had been previously married, were married in April, 1937, and had lived together most of the time until April 16, 1939, at which time the defendant left and went to California, where she continued to reside; that her abandonment of the plaintiff—who was 65 years of age at the time of the trial—was "without any cause or excuse." Appellant's contentions here relate solely to the division of property. In substance the court found that when defendant left the plaintiff she took a considerable amount of household goods; that the plaintiff owned personal property—which need not be listed here—with a total value of $2,000 to $2,300, and that "against this property he has an indebtedness of about twenty-one or twenty-two hundred dollars"; that the plaintiff had certain interest in some land in Phillips and Rooks counties, and that there was a producing well on the land in Phillips county in which plaintiff had a royalty interest, but that the well had developed some trouble with production of water which materially affected its value; that the total royalty interest would "not exceed possibly $7,200 to $7,500, and the plaintiff has a one-ninth interest in this oil royalty"; and that the net value of all the property owned by the plaintiff was "a little over one thousand dollars." The court found that "the defendant is now residing in the state of California, and owns her own home, a modern home, consisting of two or three bedrooms, bath, kitchen and other rooms and has part of her house rented; that she has an income of $190 per month and has some property adjoining her home upon which she has built fences and other buildings for the purpose of enhancing her income and increasing the value of her property." On these findings the court stated that the defendant would be permitted to retain the personal prop-

erty which she had taken, and that "it would be burdensome and dangerous to the plaintiff to have to pay any sum of money in addition to the property that the defendant already has taken at the time she left. A man 65 years of age only having a net value or worth of a little over one thousand dollars the court does not feel under the circumstances justified in making any other allowance from the property that she already has."

The defendant moved to set aside certain of the findings, particularly the finding as to the value of the oil royalty; the finding that the oil well had been damaged by water; the finding that the defendant took away any property not her own, and the finding as to the property owned by the defendant—all on the ground that the findings were not supported by the evidence and were contrary to the evidence. The motion was heard and overruled in February, 1944, at which time the court made further comment not necessary to quote here in full. Among other matters, the court commented concerning the personal property which appellant had taken from the house without the knowledge or consent of the appellee—enumerating many of the articles—and stated "she has not offered the testimony or an inventory of what she took and the value, but the court would think that the value of the property that she took might go as high as a couple hundred dollars." With reference to this personal property the court stated that the appellant knew what she took but had not provided the court with any information concerning it or as to its value, and that she could not "sit back and keep silent as to what she took and the value of it," and then complain about it. Summarizing, the court said:

"Now, what equitable division should the court make under those circumstances. A man 65 years of age, practically a day laborer, whose net worth and value is really not over $1,000 or $1,500, and that is not ready cash. In order to raise any considerable money he would have to sell, sacrifice some of his property. The court might pauperize him, likely would, and the court does not see or feel that it would be just or equitable for the court to require him under the circumstances to pay any additional sum of money."

Before considering appellant's contentions attention must be called to the change made in the pertinent statute in 1941. Prior to that time section 60-1511 of the General Statutes of 1935, relating *inter alia* to division of property in divorce actions provided that when the divorce was granted because of the fault of the wife she should have restored to her all the property she had prior to her marriage, or which she had separately acquired thereafter and had not dis-

posed of, "and also such share of her husband's real and personal property, or both, as to the court may appear just and reasonable." The legislature of 1941 changed the paragraph last quoted above to read "and *also the court may award* the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable." (Italics supplied). (G. S. 1943 Supp. 60-1511).

The significance of this change is obvious. Even under the old statute—and all cases cited by appellant were decided before the new statute was enacted—trial courts had discretion in the division of the property. Under the new law, where the divorce is granted on account of the fault of the wife the court has power, in the proper exercise of discretion, to refuse to award to the wife any of the husband's property.

Appellant complains principally of the court's finding that the oil royalty had a value not in excess of $7,500; that appellee owned "a one-ninth" interest in this royalty; that the oil well had been producing water; and that she owned property in California, as heretofore stated. She contends that under the evidence appellee had property of a net worth of "from $2,000 to $2,400" instead of from $1,000 to $1,500, as found by the court. We do not think it necessary to narrate at length such part of the evidence as was brought here in the abstract. In his petition appellee alleged that the interest which he had in the land was received by inheritance from his father. What, if any, evidence there was upon that matter we do not know. At any rate appellant makes no contention here to the contrary. As to the oil royalty, one witness testified that upon the basis which royalties "had been sold down there" he thought the total royalty here involved—of which appellee owned one-eighth—would be worth around $10,000 to $11,000, but we think that in view of admissions in cross-examination the court was justified in fixing a lower figure. We find substantial testimony to support the court's statement concerning production of water by the well.

As to appellant's property in California counsel say:

"Some time prior to the filing of the divorce action Mrs. Pearson wrote a letter to a friend at Logan in which she gave a very glowing account of her situation there in California. In this letter she boasted of being the owner of certain property in California and of having an income of several hundred dollars a month, when the real fact was that she had nor possessed nothing whatever."

But the letter is not shown in the abstract and we do not even know whether objection was made to its introduction. Counsel say further that this letter should not have been given weight by the court as against "an affidavit of the appellant" showing "her true financial condition and it clearly disclosed that she had nothing." We find no such affidavit in the record. All we find is a motion— whether verified we do not know—for suit money filed by counsel prior to the trial in which it was stated that she had "no money or means of her own therefor."

This opinion need not be further extended. There was substantial evidence to support the trial court's finding as to the net value of appellee's property. And even if appellant were correct in her contention that the maximum figure found by the court was several hundred dollars too low it is still clear that the court, after hearing the evidence, was convinced that under all the circumstances the appellee should not be required to turn over to appellant any more property than she had already taken. It has not been shown that the trial court disregarded the law or abused its discretion. In the absence of such a showing the division of property will not be disturbed.

The judgment is affirmed.