No. 36,623

ETHEL M. IRWIN, *Appellee*, v. MAYNARD C. IRWIN, *Appellant*.

(174 P. 2d 1021)

Opinion filed December 7, 1946.

*William Keith,* of Wichita, was on the briefs for the appellant.

*T. A. Sullivan* and *Roy E. Angle,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action for divorce, custody of minor children and division of property. Plaintiff prevailed and defendant appeals.

The action for divorce was based upon appellant's alleged gross neglect of duty and extreme cruelty. The court refused to grant a divorce on the latter ground but granted it on the former. It gave appellee the care, custody and control of two minor children, a boy twelve years of age and a girl ten years of age. It ordered

appellant to pay $20 per month for their support and gave appellant the privilege of visiting the children at any and all reasonable times. It awarded the home, the furniture and household goods to appellee and gave a 1935 Chevrolet automobile to appellant. The costs of the action were taxed to the appellant but each party was required to pay his own attorneys' fees.

Appellant complains of the judgment, contending: (1) Appellee's bill of particulars was insufficient to constitute a cause of action for divorce on the ground of gross neglect of duty; (2) the evidence did not support a divorce on that ground; (3) the trial court was prejudiced in favor of appellee; (4) the division of property was inequitable; and (5) the court erred in overruling the motion for a new trial.

Appellee's petition in substance alleged:

Appellant was guilty of gross neglect of duty and extreme cruelty; the parties were married at Wichita, November 17, 1930; two children were born of the marriage, a son and a daughter who had reached the respective ages of twelve and ten years; the property accumulated by the parties consisted of a home located at Haysville and household goods, two war bonds and a 1935 Chevrolet automobile.

Pursuant to the provisions of G. S. 1935, 60-1519, appellee, at appellant's request, filed a bill of particulars and later an amended bill of particulars which with respect to gross neglect of duty alleged:

"First, that the defendant has filed [failed] for the past three years to support the plaintiff and their minor children and that the defendant has refused to work when he could have worked. That the plaintiff has furnished practically all of the support for herself and their minor children for the past three years by buying the necessary food and clothing. That the plaintiff paid $31 for a new set of false teeth for the defendant on March 17, 1945. That the plaintiff purchased a suit of clothing that the defendant was wearing in court on December 19, 1945, at the Davis Clothing Company and to the best of the plaintiff's recollection said suit was bought in the fall of 1944. And the said plaintiff purchased the defendant a pair of shoes in the summer of 1945 at Legan's Shoe Store on East Douglas Street.. That the plaintiff gave the defendant cash from time to time, the exact amounts plaintiff can not state, but it has been within the past three years. That the plaintiff paid repair bills on the defendant's automobile in the following amounts: On November 4, 1944, $8.20; June 23, 1944, $59.40; March 24, 1944, $2.75; August 7, 1944, $5.00; August 19, 1944, $7.75 and on March 24, 1945, $12.50."

Appellant demurred to the bill of particulars. He contends the

first two sentences thereof are not statements of fact but constitute mere conclusions of the pleader. The contention is not good. Moreover, other specific facts are alleged indicating appellee contributed also to appellant's maintenance. G. S. 1935, 60-1519, which provides for the filing of a bill of particulars in actions for divorce, or for alimony, or both divorce and alimony, makes no provision for the filing of a demurrer to the bill of particulars but if such a demurrer could be held permissible it was properly overruled in this case.

The second complaint is appellee's evidence was not corroborated as required by G. S. 1935, 60-1509, and the demurrer thereto should have been sustained. For the purpose of the demurrer all evidence adduced on behalf of appellee was admitted to be true. It will serve no useful purpose to narrate the evidence in detail. The evidence supported the allegations of the petition and it was corroborated. This action was filed August 17, 1945. The petition alleged failure to support during the past three years. Accordingly such failure would have commenced in August, 1942. Some of the corroborating evidence disclosed appellant's failure to support the family as early as November, 1941, and during the three-year period alleged.

Appellee's own testimony further disclosed:

She borrowed $417 from her brothers which she was obliged to use for the support of the family; appellant had done some work at Boeing's but appellee did not know what he had done with his money; appellee also went to work at Boeing's on appellant's suggestion in December, 1942; she had purchased all clothing for the children with her own earnings since December, 1942; appellant's failure to support the family was not due to inability to work or to lack of opportunity to do so.

The demurrer to appellee's evidence was properly overruled.

Appellant insists the trial court erred in overruling his motion for a new trial. He argues the weight of the testimony was contrary to the court's finding of gross neglect of duty and discloses the court was prejudiced in appellee's favor. Appellant's evidence was highly conflicting with that of appellee. Portions of testimony adduced in support of appellant's motion for a new trial likewise contradicted, or tended to contradict, appellee's testimony. The court resolved the conflict. It stated:

"Disinterested parties have come in and testified on both sides and in the opinion of the court, the weight of the evidence is in favor of Mrs. Irwin."

It is not our function but the duty of the trier of the facts to determine both the credibility and the weight of the conflicting testimony. When they have been so resolved our responsibility is limited to determining whether there is substantial evidence, which if believed supports or tends to support the finding made. (*Kelley v. Kelley*, 158 Kan. 719, 728, 150 P. 2d 347.) Here the evidence does so.

Our attention is directed to appellant's testimony touching appellee's attentions to another man in July and later in 1945. The evidence does not appear to have weighed heavily in the judgment of the trial court. If the testimony was true it did not justify appellant's failure to support the family in the preceding years.

Appellant also complains of the judgment pertaining to the custody of the children and the division of the property. While there is some evidence tending to show indiscretions and perhaps improper conduct of both parties, we think the record would not justify our disturbing the judgment granting the custody of the children to the mother. It would serve no legal or good purpose and would be of no benefit to the parties or their innocent children to include in this public record evidence of accusations the parties made against each other.

The record does not indicate the amount appellant paid for the little home at Haysville when he purchased it in 1939. Nor does it show the cost of the household furnishings. There was testimony appellee paid $700 on improvements of the place including the raising of the house, putting a basement under a portion thereof, adding one room, a porch and bath thereto and the building of a chicken house on the premises. These were all proper subjects for the trial court's consideration and exercise of discretion under the provisions of G. S. 1945 Supp. 60-1511. Appellee's evidence further disclosed she was indebted in the sum of $417 for money she had borrowed from her brothers and spent for the support of the family. This, too, was a proper consideration in determining a just and equitable division of property rights. We do not think we would be justified in saying the trial court abused sound judicial discretion in this respect.

The judgment is affirmed.