No. 36,794

GRACE H. KORBER, *Appellee*, v. ARTHUR KORBER, *Appellant*.

(186 P. 2d 241)

JOHN L. GERNON, judge. Opinion filed November 8, 1947.

*Harry A. Lanning*, of Seneca, argued the cause for the appellant.
*John D. Cunningham*, of Seneca, argued the cause for the appellee.

The opinion of the court was delivered by

PARKER, J.: In this action the plaintiff was granted a divorce and decreed to be the owner of a farm, an automobile and certain other

personal property under and by virtue of a property settlement entered into by the parties prior to its institution. The defendant has appealed.

With commendable candor appellant concedes the part of the decree granting appellee a divorce is not in issue, and that the sole question presented for appellate review is whether the record discloses facts and circumstances to support the trial court's finding that prior to the institution of the action the parties had entered into a postnuptial settlement by the terms of which it was their intention a conveyance by appellant to appellee of 200 acres of farm land, together with certain items of personal property then in the possession of appellee, including a Buick automobile, constituted a full and complete setlement of their property rights.

The issues thus raised, since there can be no question in this jurisdiction (1) that when a divorce is granted by reason of the fault of the husband the wife is entitled to all property owned by her before her marriage or acquired by her in her own right after such marriage (G. S. 1935, 60-1511); (2) that agreements settling property rights between husband and wife, when fairly and understandingly made, are based upon a valuable consideration and enforceable; and (3) that property acquired by the wife from her husband under a valid property settlement becomes her separate property within the meaning of G. S. 1935, 60-1511, requires a reëxamination of the record to ascertain if it reveals any evidence to support the trial court's finding.

In our review of the evidence we are, of course, bound by the well-established rule referred to in *Rolland v. Rolland*, 148 Kan. 851, 85 P. 2d 21, where, with particular reference to divorce proceedings, it was said:

"A divorce case is no different from any other case. When the finding of a trial court is based on substantial, competent evidence, this court will not disturb this finding on appeal." (p. 852.)

We have carefully examined the record, mindful of the fact we are neither qualified nor permitted to retry the case on its merits and that our sole province is to determine whether there was evidence to support the trial court's finding, irrespective of other evidence which might have warranted a contrary conclusion if that tribunal had seen fit to give it credence. Briefly, the evidence when thus reviewed can be summarized as follows: The appellant and appellee were married in 1923 and had raised a family, their

youngest son being 19 years of age on the date of the trial. For several years prior to 1945 their marital relationship had not been satisfactory because of disputes, differences and abuses which need not be related. On September 23, 1945, appellee from her own investigation discovered that appellant was having an affair with another woman and made that fact known to him. Later in the evening of that day the parties each returned to the home. Early the next morning appellant made inquiry as to what appellee was going to do. She did not immediately reply. Later he said "What do you want?" Appellee replied "A cash settlement or the farm." Appellant stated he could not give a cash settlement. Thereupon appellee stated that she would take the farm. A few minutes thereafter the parties left their home in Bern and went to Seneca where they consulted R. M. Emery, Jr., a capable and respected member of the bar of this state. As a result of that consultation, and while in Mr. Emery's office, the appellant executed a deed whereby he conveyed the 200-acre farm referred to in the trial court's decree to appellee: The consideration recited in that instrument was one dollar, love and affection. At the same time he executed an irrevocable power of attorney whereby he authorized appellee to sign his name to any deed or mortgage to such farm, the consideration stated therein being one dollar and other valuable consideration.

During the course of her examination as a witness the appellee stated that appellant had asked her for a settlement and in response to a question as to whether there was anything said about the transaction at Mr. Emery's office being a complete settlement between them the appellee first stated that there was not anything said and then stated "that is all we talked about it."

On cross-examination the appellant was asked questions to which he made answers as follows:

"Q. When you and your wife went to Mr. Emery's office and had this deed made out, Mr. Emery asked you if that was the way you wanted it, didn't he? A. Yes, he did.

"Q. And he told you if you did deed it over to your wife, then she would have control of it? A. He may have. I knew that."

There was testimony by both parties that after the farm was transferred to appellee the appellant collected the crop rent from the farm and paid the proceeds therefrom to appellee. Each testified to the effect that thereafter appellant approached appellee and told her that he could find her a purchaser for the farm if she would pay him a real-estate commission for making the sale. Subsequently,

the appellant found a purchaser for the property and appellee paid him a real-estate commission of $500 for so doing.

It would serve no useful purpose to recite or refer to other evidence to be found in the record tending to support the trial court's factual conclusion that on the date of the execution of the deed and power of attorney the parties intended the conveyance of the farm to constitute a final and complete settlement of all property rights between them. What has been related adequately portrays the situation and circumstances of both appellant and appellee. In our opinion it supports a conclusion they not not only intended to enter into a property settlement before going to Mr. Emery's office but that they actually did enter into such a settlement while there. Moreover, it discloses that after the transaction was closed they treated their action as having that force and effect. Under such conditions and circumstances we can only conclude that the trial court's finding of fact was sustained by substantial competent evidence.

It is true there is evidence in the record warranting a contrary finding if the trial court had seen fit to believe it. However, as we have stated, we are not concerned with the credibility of the witnesses or the weight of the evidence. Those matters were for the consideration of the trial court and having been resolved by it against the appellant we have no right to disturb its finding which is well sustained by the evidence.

Appellant strenuously contends the fact there is nothing in the evidence to indicate the parties included the automobile and other items of personal property awarded to the appellee as her sole and separate property in their agreement compels the conclusion they did not enter into it with the intention of affecting a full and complete property settlement. The point is not well taken. The record reveals that the automobile was purchased by the appellee and that the title was in her name. There is also evidence to the effect that the automobile and some of the items of personal property were given to the appellee by the appellant while others were gifts from other persons. Under such circumstances, there was no necessity for mentioning such items of property in the settlement. Gifts to the wife, from her husband to say nothing of those received from others, become her separate property under the statute. (G. S. 1935, 60-1511; *Mann v. Mann,* 136 Kan. 331, 15 P. 2d 478; *Davison v. Davison,* 125 Kan. 807, 266 Pac. 650.)

The judgment is affirmed.