No. 37,130

MARTHA CROW, *Appellant*, v. WILLIAM CROW, *Appellee*.

(195 P. 2d 609)

Opinion filed July 10, 1948.

*O. W. Helsel*, of Wichita, argued the cause, and *J. Roderick Mayall* and *Robert C. Helsel*, both of Wichita, were with him on the briefs for the appellant.

*Roy H. Wasson*, of Wichita, argued the cause, and *Eli Eubanks*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for divorce and division of property. The appeal involves only the order of the court respect-

ing the division of the property. Plaintiff and defendant were married February 22, 1942. It was the second marriage for each of them. At the time of the marriage the defendant was living with his mother in a duplex which he had purchased, upon which was a mortgage of about $2,400 which he was paying in monthly installments. He also owned an automobile. He had no children by his first marriage and no child was born of the present marriage. Plaintiff had four children, aged 13 to 19 years by her first husband. She had no property except some household goods, which she described, and the value of which she estimated at $200, and she owed debts, some of them dating back to 1936, which defendant paid. Upon the marriage plaintiff and two of her children moved into the duplex with defendant. He was then employed at about $15 per week. In April, 1943, he secured other employment and since then has been steadily employed at from $40 to $45 per week. Plaintiff had worked in a beauty shop and soon after the marriage she borrowed $200 from a son-in-law and she and defendant mortgaged his automobile for $200, and a down payment of $400 was made on a beauty shop which cost $1,000, the balance to be paid in monthly payments. Sometime in 1944 this beauty shop was sold for $1,800 and plaintiff placed the money in a bank account in her own name. In 1945 this money was used as a down payment upon a residence property purchased for $5,400, the parties giving a mortgage for the balance, payable in monthly installments. At the time of the trial this mortgage had been reduced to $2,931.54. The title to the residence was taken in the name of plaintiff because the duplex was in defendant's name. The residence was improved at a cost of about $1,800. A few months later defendant sold the duplex for $7,000 and after paying a small balance due on the mortgage deposited the remainder in a bank account. This was so deposited as to be a joint bank account. The income from the beauty shop and defendant's salary were used to pay living expenses, the payments on the beauty shop and upon the residence purchased. The balance was placed in the joint bank account. All the time since the parties were married plaintiff had several of her family living with them. At the time the action was tried a son, two daughters and a grandchild were living with the family. One daughter was an invalid, and there was extra expense for her care and treatment. After the beauty shop was sold plaintiff bought several hundred dollars worth of equipment for a beauty

shop, which plaintiff later established and was operating at the time of the trial. New furniture was bought for the residence. Defendant's automobile was traded in on a better one with an additional payment of $650. Defendant bought a boat for $700 and an engine for it which cost $117. By July, 1947, these expenditures had reduced the joint bank account to about $2,100. Unknown to defendant, plaintiff drew $750 from the bank account and purchased a United States bond in her own name. While working, defendant had purchased as many as fifteen United States $25 bonds. Plaintiff had sold all of those but five and used the money. Learning of these things defendant drew the balance of the bank account, $1,366. This suit was filed July 30, 1947.

The parties made separate income tax returns. The testimony showed that these represented their respective incomes. Plaintiff's income for 1942 was $1,318.64; for 1943, $1,048.35; for 1944, $151.29; for 1945, less than $500, and for 1946, about $600. Defendant's statement showed income from the salary and rents prior to selling the duplex, for 1942, $1,527; for 1943, $1,886.32; for 1944, $2,626.78; for 1945, $2,577.80; for 1946, $2,283.53.

The decree of the court granted plaintiff the divorce and restored her to her maiden name. It provided that the residence, the furniture and the beauty shop be appraised by three appraisers, who were named by the court, and that either party willing to take the residence, the furniture, or the beauty shop at the appraised value, might do so by paying the other party one-half of the appraised value thereof, and if not, the property was to be sold and the proceeds to be paid into the office of the court. The plaintiff was ordered to cash the $750 bond and other bonds she might have in her possession and deposit the proceeds with the clerk of the court, and defendant was ordered to pay to the clerk the sum of $1,366 which he had drawn from the joint bank account shortly before the suit was brought, and defendant to sell the automobile and deposit the proceeds of that with the clerk of the court. It was decreed that of the sums so deposited with the clerk there should be paid the costs, including a named attorney fee for plaintiff's attorney and for defendant's attorney, and that the remainder should be divided equally between the parties.

Nothing was said in the decree about the boat and the engine for it which was bought by defendant. Presumably the title to that is in defendant and the court intended it should so remain.

Plaintiff has appealed from the portion of the decree dividing the property and contends the court did not follow our statute (G. S. 1947 Supp. 60-1511), for the reason, *first*, a part of the furniture which the decree directed be sold was owned by the plaintiff at the time of the marriage. We think the decree was erroneous in that particular and that plaintiff should be permitted to take the property she had at the time of the marriage which was still in the home before any sale of the other furniture is made, and that the appraisement and sale of the furniture should be only of that portion of it which defendant had at the time of the marriage and which has been purchased since that time.

*Second*, appellant contends the court erred in providing for the sale of the residence property. On her behalf it is argued that the first payment was made with the plaintiff's money from the sale of the beauty shop and that the deed was taken in her name when it was purchased. We think it clear that the court regarded the earnings of the parties during their marriage as jointly accumulated property, that the down payment was made as much from the property of the defendant as it was from the property of the plaintiff, and that the payments on the mortgage upon the residence property were made almost entirely from defendant's property. Counsel for appellant point to some of our cases in which it was held that when property is purchased and taken in the name of one spouse title for all purposes was presumed to be invested in the spouse having title, and the money the other spouse placed in that property was regarded as a gift. Where the defendant's money went into the home to assist in making the down payment, to repair it, and to pay the monthly payments upon it, if designed by defendant to be a gift to his wife, might depend upon many factors. Certainly there is nothing here that compels that conclusion. The trial court took the view expressed in its decree. We see no reason to disturb it.

*Third*, appellant contends the court erred in requiring her to cash the $750 bond and other bonds she had in her possession and turn them into the clerk to be divided. Her counsel argue that since they had a joint bank account the plaintiff could draw for her own use any of the money that was in the account and invest it in some property in her own name and deprive her husband of any interest in it. That contention is not well taken. The court considered the joint bank account, shortly before the action was brought, as

being the property of both of them. So far as the deposits in the bank account are concerned, this conclusion of the court was decidedly favorable to plaintiff. She has no reason to complain of it. It will be noted that defendant was required to restore the money he had drawn from that account.

It has been held repeatedly that the trial court in a divorce action has wide discretion in the division of property. (See *Wittig v. Wittig,* 151 Kan. 440, 99 P. 2d 750; *Leiter v. Leiter,* 152 Kan. 287, 103 P. 2d 809; *Gates v. Gates,* 160 Kan. 428, 163 P. 2d 395; *Walno v. Walno,* 164 Kan. 620, 192 P. 2d 165, and cases there cited.) It cannot be said here that the court was unfair to the appellant in making the division of property.

The decree of the court was erroneous only in that it did not give to the appellant the items of household goods owned by her at the time of the marriage and which she still had at the time of the divorce. It should be modified so as to do so and as so modified the decree should be affirmed. It is so ordered.