No. 37,839

GEORGE B. HARRIS, *Appellant,* v. FRANCES M. HARRIS, *Appellee.*

(219 P. 2d 454)

Opinion filed June 10, 1950.

*Joe T. Rogers,* of Wichita, argued the cause, and *Roy L. Rogers,* of Wichita, was with him on the brief for the appellant.

*Richard K. Hollingsworth,* of Wichita, argued the cause for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is a divorce case in which the plaintiff (husband) was granted a divorce for the fault of the defendant (wife). The sole issue presented on appeal is whether the trial court committed error in its division of the property owned by the parties.

The record discloses that on the date of the rendition of the judgment all property owned by the parties had been acquired during the marriage and consisted of the family home, a 1941 Pontiac automobile, 17 U. S. Savings Bonds of the value of $25 each on maturity, a set of tools formerly used by the plaintiff in operating a garage, household goods, and personal clothing.

Under the trial court's judgment the defendant was awarded the home, the Savings Bonds, the household goods and her own personal effects. The plaintiff was given the Pontiac automobile, the garage tools and his personal belongings.

Except for the Savings Bonds and the home there is nothing in the record from which this court can ascertain the fair and reasonable value of the property divided by the trial court. It is conceded the Savings Bonds if held until maturity would be of the value of $25 each. The evidence available as to the value of the home and other matters affecting the division of the property can be summarized as follows: The home was purchased several years prior to the date of the divorce decree for $1,200. Defendant's mother gave her daughter and her son-in-law the sum of $120 to make the initial payment. Thereafter the balance of the purchase price was paid in monthly payments. During a portion of the time these payments were being made the parties did not live in the house. It was rented for two years for $30 per month and the rent was applied to payments falling due on the purchase price. Plaintiff testified he had been employed by Continental Trailways Company for the last six years and that his ordinary earnings were $235 per month; that during his spare time he had worked on the house, building a basement and garage, and making other repairs, and that its fair market value on the date of the trial was $5,000. He admitted that for a period of about two years while they were living in Denver his wife had managed the apartment house in which they were living for a portion of their rent and also did some sewing for their landlady. Defendant testified she had worked off and on since the marriage; that this work consisted of helping the plaintiff in the garage which he had formerly operated and in the taking in of sewing and washing.

The appellant insists the trial court gave the appellee more property than she was entitled to under the law. His theory, advanced in a brief consisting of one paragraph and a short oral argument upon presentation of the cause, is that G. S. 1947 Supp. 60-1511 compels and requires an equal division. The only provisions of this section of the statute having application to a situation such as is here involved read:

". . . If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, land, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, *and also the court may award the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable,* and she shall be barred of all right in all the remaining lands of which her husband may at any time have been seized. And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, *the court shall make such division between the parties respectively as may appear just and reasonable,* by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. . . ." (Emphasis supplied.)

From the emphasized portions of the foregoing statute as quoted it will be noted where the husband is granted a divorce for the fault of the wife in a divorce action the court is clearly and unequivocally vested with power to make such a division of property between the parties as may appear to it to be just and reasonable. This, we pause to add, is true not only where—as here—the property has been jointly acquired but also where it is separately owned by the husband.

In *Hayn v. Hayn,* 162 Kan. 189, 175 P. 2d 127, we held:

"Under the provisions of G. S. 1945 Supp., 60-1511, it rests in the sound discretion of the trial court whether it will award any portion of the husband's separate property to the wife when the divorce is granted to the husband by reason of the fault or aggression of the wife." (Syl. ¶ 3.)

The rule in this jurisdiction has always been that a division of property made by the trial court in a divorce action will not be disturbed on appellate review unless it is clearly made to appear its action in makng that division amounted to abuse of discretion.

See *Walno v. Walno,* 164 Kan. 620, 192 P. 2d 165, and cases there cited, where it is held:

"The division of property between the parties in an action for divorce rests largely in the discretion of the trial court. The discretion is a judicial and not

an arbitrary one, and if under the circumstances of the particular case the division is clearly unreasonable, unjust and inadequate, it will be corrected on appeal.

"A division of property made by the trial court in a divorce action will not be disturbed unless it is clearly shown that there was an abuse of discretion." (Syl. ¶¶ 2, 3.)

See, also, *Crow v. Crow*, 165 Kan. 461, 195 P. 2d 609; *Brauchi v. Brauchi*, 165 Kan. 542, 195 P. 2d 589, and *Pearson v. Pearson*, 159 Kan. 500, 156 P. 2d 852.

After careful consideration of all facts and circumstances to be gleaned from the record we are unable to find anything which would justify us in holding that the trial court disregarded the law and made an unjust and unreasonable division of property as between the parties. Of a certainty it cannot be said the appellant has made a clear showing that in making that division it abused its discretion. The result is that, under our decisions, he has failed to establish any sound ground for disturbing its action and that its judgment must be affirmed.

It is so ordered.

WERTZ, J., not participating.