No. 39,029

Herman F. Berndt, *Appellee*, v. Elizabeth Berndt, *Appellant.*

(259 P. 2d 197)

Opinion filed July 6, 1953.

*Aldeverd Metcalf,* of Oberlin, argued the cause and was on the briefs for the appellant.

*L. F. Cushenbery,* of Oberlin, argued the cause, and *John M. Bremer,* of Oberlin, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This is a divorce action in which judgment was rendered for the plaintiff and defendant appeals.

On April 23, 1950, plaintiff, Herman F. Berndt, who was then about seventy-one years of age, and the defendant, Elizabeth Berndt, approximately seventy years of age, were married in Englewood, Colorado, after having been acquainted for fifty-seven years. Plaintiff's first wife, who died in 1948, was the defendant's sister. The parties lived together as husband and wife in Oberlin, Kansas, for one year and four days until April 27, 1951. On that date defendant left the marital home for a trip to California, where she had lived from 1903 up to or about the time of the marriage, and never returned. However, in the fall of 1951, she came back to Herndon, Kansas, a town located approximately twenty-two miles from Oberlin, where she stayed for a short time and then returned to California, without having contacted the plaintiff in any manner.

Plaintiff commenced the action on May 7, 1952, by filing a petition in which he charged the defendant with abandonment and asked for a divorce. Thereafter, by way of answer and cross petition, defendant denied the allegations of the petition; charged the plaintiff with extreme cruelty, gross neglect of duty and abandon-

ment; and asked for a divorce, alimony, attorney's fee and restoration of all property owned by her on the date of the marriage. Plaintiff's reply consisted of a general denial and allegations to the effect he made no claim to defendant's property and that he was willing to return such of it as was in his possession to her at any time.

With issues joined as above related the cause was tried by the district court which, after hearing the testimony of each of the parties and of their respective witnesses, found that plaintiff should be granted a divorce against defendant on the ground of abandonment; that no property had been accumulated by the parties through their joint efforts during the marriage and that they had no common property; that the defendant had property of her own that should be awarded to her; that the plaintiff had property of his own which should be awarded to him; that the defendant should be allowed additional expense money in the sum of $75; that the defendant's attorney should be allowed a fee of $150, to be taxed as costs; that the cost of the action should be taxed to the plaintiff; and rendered judgment accordingly.

Following the rendition of judgment as above indicated defendant filed a motion for a new trial. Thereafter, such motion having been overruled, she perfected this appeal wherein she has filed specifications of error which, for all purposes essential to the disposition of the cause on appellate review, charge that the trial court erred (1) in granting plaintiff the divorce and (2) in failing to award her a share of his property.

At the outset it may be said that the rule in this jurisdiction as to what appellant must establish with respect to each of the questions raised by the instant appeal in order to obtain reversal of the trial court's judgment is well settled by our decisions.

Touching the first question this court in *Currie v. Currie,* 114 Kan. 37, 216 Pac. 1083, held:

"In a suit for divorce where the evidence is conflicting a decree for plaintiff, supported by ample evidence, will not be disturbed." (Syl. ¶ 1.)

And in *Rolland v. Rolland,* 148 Kan. 851, 85 P. 2d 21, stating the rule in another way, said:

". . . A divorce case is no different from any other case. When the finding of a trial court is based on substantial, competent evidence, this court will not disturb this finding on appeal . . ." (p. 852.)

136

For other decisions of like import see *Korber v. Korber,* 163 Kan. 685, 186 P. 2d 241; *Irwin v. Irwin,* 162 Kan. 185, 174 P. 2d 1021; *Tuley v. Tuley,* 168 Kan. 106, 211 P. 2d 95.

Respecting the second question this court in *Harris v. Harris,* 169 Kan. 339, 219 P. 2d 454, held:

"Under the provisions of G. S. 1947 Supp., 60-1511, when a husband is granted a divorce by reason of the fault or aggression of the wife, the division of property to be made between the parties, irrespective whether such property has been jointly acquired or is the separate property of the husband, is a matter which rests in the sound judicial discretion of the trial court.

"A division of property made by a trial court in a divorce proceeding will not be disturbed on appellate review unless it appears the pertinent statute has been disregarded or clearly shown the trial court's action in making such division is so unjust and unreasonable as to constitute an abuse of discretion." (Syl. ¶¶ 1 and 2.)

Among other decisions to the same effect are *Pearson v. Pearson,* 159 Kan. 500, 156·P. 2d 852; *Gates v. Gates,* 160 Kan. 428, 437, 163 P. 2d 395; *Hayn v. Hayn,* 162 Kan. 189, 175 P. 2d 127; *Walno v. Walno,* 164 Kan. 620, 192 P. 2d 165; *Henry v. Henry,* 171 Kan. 307, 232 P. 2d 473, *Taylor v. Taylor,* 174 Kan. 21, 254 P. 2d 301.

It would be of no benefit to the bench and bar, add nothing to our reported decisions, and serve no useful purpose to either detail or labor the evidence on which the trial court based its findings and judgment. It suffices to say a painstaking review of the record, although it must be conceded the testimony on all points in question is conflicting, discloses substantial competent evidence to sustain the trial court's finding the appellant was guilty of abandonment as charged in the petition and fails to disclose anything which would warrant this court in holding that in its division of property of the parties such tribunal either disregarded the pertinent statute (G. S. 1949, 60-1511) or that its action with respect to that division was clearly so unjust and unreasonable as to constitute an abuse of its sound judicial discretion. Therefore, under the applicable rules so well established by our decisions, we are constrained to hold the trial court's judgment cannot be disturbed and must be affirmed.

In conclusion it should perhaps be stated that heretofore we have purposely made no mention in this opinion of a claim advanced by appellant to the effect the trial court erred in sustaining appellee's demurrer to her evidence on the ground of insufficient corroboration. Nor are we disposed to labor it. Irrespective of the merits of such claim the record shows the cause proceeded to final judg-

ment and we must assume the trial court gave consideration to all evidence adduced by the parties in determining who was entitled to the divorce. Under such circumstances any error in the ruling complained of cannot be said to have prejudicially affected appellant's substantial rights and, under statutory mandate (see G. S. 1949, 60-3317), error therein, if any, must be disregarded.

The judgment is affirmed.