No. 41,978

ROBERT MORRIS, Parent and Next of Kin of Judy K. Morris, Deceased, *Appellee*, v. LEONARD MUSICK, *Appellant*.

(362 P. 2d 68)

Opinion filed May 13, 1961.

*Lester A. Holloway,* of Wichita, argued the cause and was on the briefs for appellant.

*Clarence N. Holeman,* of Wichita, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This case resulted from the death of the plaintiff's infant child who was fatally injured when run over by the appellant in his automobile. Damages were sought under the provisions of the wrongful death statute (G. S. 1949, 60-3203). Following trial by a jury, the trial court approved a verdict in favor of the plaintiff for $5,000 and rendered judgment thereon. The defendant filed motions for a new trial and for judgment notwithstanding the verdict which were overruled, and this appeal was timely perfected.

The plaintiff commenced this action on September 13, 1957, and alleged in his amended petition that on January 21, 1957, his fourteen-month-old daughter, Judy K. Morris, lived with his wife and him at 634 N. Young Street in Wichita; that on the evening of said day his child was run over and killed by the gross and wanton negligence of the defendant as he backed his Chrysler automobile in a westerly direction out of the driveway at his residence at 650 N. Young into the street; that the deceased was playing behind the defendant's automobile and he failed to stop when he first noted a thumping or thudding sound. It was further alleged in paragraph five that the defendant was guilty of six specific acts of negligence, the sixth, or sub-paragraph (F) reading, "In failing to see the deceased Judy K. Morris when he could have and should have seen her." The prayer was for damages in the amount of $25,000, and for costs.

On October 2, 1958, the defendant filed his motion and affidavit to stay further proceedings upon the ground he was adjudged a bankrupt on August 6, 1958, and attached a copy of the order of adjudication. He also moved to strike paragraph three from the amended petition for the reason the plaintiff failed to allege sufficient facts to constitute gross and wanton negligence. Both motions were overruled.

Subsequently, the defendant joined issue, and the case was tried to a jury resulting in a verdict for the plaintiff. The plaintiff's evidence established in substance the allegations of the amended petition. In answer to special questions the jury found the defendant guilty of negligence as alleged in paragraph five, sub-paragraph

(F) of the amended petition, and further found him guilty of gross and wanton conduct in operation of his automobile.

The defendant specifies as error the orders of the trial court overruling his demurrer to plaintiff's evidence, denying his motion for judgment notwithstanding the verdict, entering judgment for the plaintiff, and overruling his motion for a new trial. In support of these contentions a number of arguments are made, all of which have been carefully noted and considered, but which, in our opinion, do not require a reversal.

Following the overruling of his demurrer to plaintiff's evidence the defendant introduced his evidence and rested, and did not renew his demurrer or move for a directed verdict at the close of all the evidence. He thereby waived his right to contend the plaintiff's evidence was insufficient to warrant its submission to the jury (*Ziegelasch v. Durr,* 183 Kan. 233, 326 P. 2d 295; *In re Estate of Rogers,* 184 Kan. 24, 27, 334 P. 2d 830; *Liberty Glass Co. v. Bath,* 187 Kan. 54, 57, 353 P. 2d 786; *Ferrellgas Corporation v. Phoenix Ins. Co.,* 187 Kan. 530, 532, 358 P. 2d 786; *Weber v. Wilson,* 187 Kan. 214, 216, 356 P. 2d 659).

The court instructed the jury on all phases of the law of negligence appropriate to the issues raised by the pleadings and to the facts and circumstances established by the evidence of both parties, and properly defined proximate cause and gross and wanton negligence which became the law of the case. No complaint is made of any instructions given by the court.

No error was committed in denying the defendant's motion for judgment notwithstanding the verdict. For the purpose of testing a ruling on a motion for judgment *non obstante veredicto,* such a motion admits the special findings to be true (*Applegate v. Home Oil Co.,* 182 Kan. 655, 661, 324 P. 2d 203, and cases cited), and that all findings are supported by the evidence (*Booker v. Kansas Power & Light Co.,* 167 Kan. 327, 332, 205 P. 2d 984; *Koch v. Suttle,* 180 Kan. 603, 306 P. 2d 123). See, also, *Sheeley Baking Co. v. Suddarth,* 172 Kan. 533, 538, 241 P. 2d 496. Applying the rule to the instant case, the defendant was found to be guilty of negligence which was conduct also found to be gross and wanton, and those findings are consistent and not inconsistent with the general verdict in favor of the plaintiff. A motion for judgment notwithstanding a general verdict should be sustained only when the special answers, complete in themselves, compel a verdict (*Pearson v. Pearson,* 159 Kan. 500,

156 P. 2d 852; *White v. Toombs*, 164 Kan. 635, 192 P. 2d 174). Moreover, it is noted that no motion was filed to set aside answers to special questions Nos. 1 and 2 finding the defendant guilty of negligence, and of gross and wanton conduct, on the ground they were not supported by the evidence.

The argument advanced in support of the contention the trial court erred in overruling the defendant's motion for a new trial is that the jury disregarded the instructions on gross and wanton negligence and that its verdict was based on passion, prejudice and sympathy for the plaintiff. The point is not well taken. We have no quarrel with the cases cited by the defendant and the rule that a new trial will be granted where the verdict is unsupported by the evidence, or where passion and prejudice result in a verdict. But, no evidence has been pointed out by the defendant to require such a conclusion in this case. It is unnecessary to detail the evidence. All of it has been carefully examined and it was sufficient to permit the jury to draw inferences of the defendant's negligence and gross and wanton conduct, and it supported the special findings and general verdict. As previously indicated, the special findings are consistent with the verdict and the verdict is consistent with and supported by the special findings, and the trial court did not err in refusing to grant the defendant a new trial.

The contention that the verdict was based on passion, prejudice and sympathy is without merit in view of the nominal judgment for $5,000. It is evident the jury was not swayed by any passionate pleas or statements of the witnesses, or of counsel, and that it gave due consideration to the evidence and instructions. In short, the record indicates the parties had a fair and impartial trial by an unbiased court and jury, and that the verdict and judgment were properly received and entered.

A careful examination of the record discloses no reversible error exists and the judgment is affirmed.