No. 36,743

PAUL R. DAVIS, *Appellee,* v. GRACE DAVIS, *Appellant.*

(178 P. 2d 1015)

Opinion filed April 5, 1947.

*Elmer W. Columbia, John B. Markham* and *Herman W. Smith, Jr.,* all of Parsons, were on the briefs for the appellant.

*A. L. Foster,* of Parsons, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for divorce and to determine property rights brought by a husband against his wife. A judgment was given plaintiff. Defendant appeals.

The petition alleged the marriage and the birth of a daughter who was about seventeen years old at the time the petition was filed. The petition further alleged that the couple owned jointly a described lot in Parsons, with a two-story dwelling house on it of the fair market value of $5,500, household goods of the value of $1,430, and an automobile worth about $250. The petition then alleged that defendant had been guilty of extreme cruelty toward plaintiff and had abandoned him for a year before the action was begun.

The prayer was for a divorce and a settlement of property rights of the parties.

The answer admitted the allegations about the marriage, the child and the ownership of the property. The answer further stated the automobile was purchased by the couple and a down payment was made by obtaining a loan of $300 on a life insurance policy owned by defendant. The allegations of the petition with reference to cruelty and desertion were denied. The prayer was that plaintiff take nothing by his petition, and for a reasonable attorney fee.

In a bill of particulars plaintiff alleged that defendant had at one time commenced an action against plaintiff for separate maintenance based upon allegations of extreme cruelty and adultery; that the charges were false and unwarranted and the action was later dismissed; that she subsequently charged plaintiff with the crime of failing to support her and the child; that this charge was false and was dismissed by the county attorney at the cost of the county; that subsequent to the filing of the above charge she instituted an action for divorce, based upon extreme cruelty and gross neglect of duty, and testified on the stand that she did not want a divorce, whereupon the court upon its own motion dismissed the action; that she had made many inquiries of friends of plaintiff as to his whereabouts, had on one occasion seen a friend in plaintiff's automobile and complained about it; that she on one occasion took officers to a hotel and inquired for plaintiff and when she saw plaintiff at home committed acts of violence upon him; that on three different occasions defendant had locked the door of plaintiff's home at night so that plaintiff could not enter; that on one occasion defendant had, in the presence of her parents, stated that plaintiff had been guilty of immoral association with other women, which was untrue.

The bill of particulars also stated that the ground for his general

allegation of abandonment was that defendant totally neglected plaintiff for more than one year by failing to live with him.

At the trial the plaintiff established by the records the filing of the various actions. He also testified as to the other specific acts alleged. There was evidence introduced by plaintiff as to the plan of financing the buying of the house, furniture and automobile as well as other financial transactions of plaintiff and defendant.

The defendant offered evidence tending to explain the various actions she had commenced and the other evidence of plaintiff. Defendant offered testimony as to the joint financial affairs of the couple, including transactions relating to the home, the furniture and the car.

The trial court found the facts generally in favor of plaintiff and against defendant. On June 21, 1946, on the above finding plaintiff was granted a divorce. Judgment as to the property rights was reserved. On June 27, 1946, the court found that defendant should be decreed to be the sole owner of the house and lot that had been the home, and all household goods located on the premises; that defendant had in her possession $700 in money and bonds, which should be decreed to be her separately acquired fund free of any claims of plaintiff. The court also found that plaintiff should be decreed to be the owner of the automobile, and should be given judgment against defendant for $1,500, which should be a lien upon the house and lot, subject only to the mortgage of $1,300 upon it. The costs were divided between the parties, each to pay one-half.

Judgment was entered accordingly.

The defendant filed a motion for a new trial on the grounds that the trial court had abused its discretion; that the decision was given under the influence of passion and prejudice; that it was in whole or in part contrary to the evidence; and that the division of the property was unfair and inequitable. This motion was overruled.

Defendant gave notice that she appealed from the judgments rendered on June 21 and June 27, 1946, as well as from the order overruling her motion for a new trial.

The specifications of error are that the court erred in granting plaintiff a divorce from defendant for the reason that plaintiff's evidence did not support his alleged grounds for divorce; that the court abused its discretion in making an unfair and inequitable division of the property, and that the court erred in overruling defendant's motion for a new trial.

No specific findings were requested or made. The court simply made a general finding in favor of the plaintiff and against the defendant. Such a finding carries with it as established all the facts necessary to support the judgment. (See *Greenwood v. Texas-Interstate P. L. Co.*, 143 Kan. 686, 56 P. 2d 76, also *Fidelity Savings State Bank v. Grundeman*, 158 Kan. 656, 149 P. 2d 340.) We will not weigh evidence where a general finding is supported by substantial testimony. (See *Stanley v. Stanley*, 131 Kan. 71, 289 Pac. 406.) A corollary of this rule is that it is the business of the trial court to draw inferences and conclusions from the established facts as long as they are reasonable. There can be no doubt at all about the filing of the three actions and their dismissal. Plaintiff testified these actions were filed without any good ground. Defendant denied this but if the trial court believed the testimony of plaintiff that they were groundless and without justification they would amount to a course of conduct that would constitute extreme cruelty. Coupled with this was the testimony offered by the plaintiff that on various occasions the door of his home was locked when he returned at night and he was compelled to find shelter elsewhere. This course of conduct, coupled with accusations of defendant that he had been consorting with other women all night, and other statements of the same general nature, manifested a suspicious and malicious attitude of defendant toward plaintiff. The defendant on the stand denied and explained many of these occurrences. However, it was the duty of the trial court to weigh the evidence under all the circumstances and reach conclusions as to the facts. Once that conclusion was reached we cannot disturb it on appeal.

In *Hayn v. Hayn*, ante, p. 189, 175 P. 2d 127, we said:

"Extreme cruelty as contemplated by the divorce statute is no longer regarded as being limited to acts of physical violence. The modern and better considered cases have repudiated the ancient doctrine requiring physical violence as too low and sensual a view of the marriage relation. It is now generally held, and in this state it has long been the rule, that any unjustifiable and long practiced course of conduct by one spouse towards the other which utterly destroys the legitimate ends and objects of matrimony constitutes extreme cruelty though no physical or personal violence may be inflicted, or threatened. (*Carpenter v. Carpenter*, 30 Kan. 712, 2 Pac. 122; *Stegmeir v. Stegmeir*, 158 Kan. 511, 518, 148 P. 2d 755, and cases therein cited.) Under some circumstances it may not be necessary that such conduct should continue over a long period to constitute extreme cruelty." (p. 193.)

The above statement of the law is especially apropos on this record. The court was amply justified in concluding from the evidence

that the course of conduct of the defendant had entirely destroyèd the prospect of a happy married life between herself and her husband.

In specification of error No. 2 the defendant argues that the court abused its discretion in making an unfair and inequitable division of the property owned by plaintiff and defendant. The pertinent statute is G. S. 1945 Supp. 60-1511. It reads as follows:

"If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also the court may award the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable; and she shall be barred of all right in all the remaining lands of which her husband may at any time have been seized. And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. But in case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may in its discretion set apart such a portion of the wife's separate estate as may seem proper for the support of the children, issue of the marriage. When a divorce shall be granted on account of the fault or aggression of the wife, the wife may be restored to her maiden or former name."

Evidence was offered by both parties as to their financial transactions. They had been married twenty-three years, their latest transaction had been the acquisition of the real property in which they were making their home at the time their disagreements began. This property seems to have been valued at about $5,500. As the case was finally decided, the wife received the real property with liens of $1,300 and $1,500 against it—$2,800 against a $5,500 property. She was given the household goods, which seems to have been valued at about $1,430, and $700 in money and bonds. The plaintiff was awarded the $250 car and judgment for $1,500. The trial court heard this evidence and had an opportunity to examine the witnesses with reference to it. The record is not in such a shape that we can take the figures to which the parties testified and make a finding that some other amount would have been equitable.

Defendant next argues that the trial court erred in overruling her motion for a new trial. The argument on this point is a repetition

in a large measure of the evidence offered on the second·specification of error. Defendant argues especially that there was no corroboration of the evidence upon which the plaintiff relied. We have examined the record with reference to this point and find that there was corroboration of sufficient material evidence to warrant the court in making the finding it did make.

The judgment of the trial court is affirmed.