No. 37,390

SUSIE BRAND STANTON, *Appellant*, v. BEN T. STANTON, *Appellee*.

(201 P. 2d 1076)

Opinion filed January 22, 1949.

*W. C. Jones,* of Olathe, argued the cause, and *John Anderson, Jr.,* of Olathe, was with him on the briefs for the appellant.

*G. A. Roberds,* of Olathe, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for a divorce, in which the trial court granted a divorce to the wife for the fault of the husband, and made a division of property, of which the wife complains.

Plaintiff and defendant, each of whom had been married previously, were married in June, 1939, and divorced in 1948, at which time plaintiff was sixty-one years old and defendant was seventy-four years old.

Without going into detail, at the time of their marriage plaintiff was the owner of 160 acres of land in Missouri, of one note for $5,000, of another note of $850, of U. S. bonds of the face value of $7,000, an automobile, some household goods and perhaps some other property. At that time defendant owned some real estate, later referred to, an automobile and some other personal property. The trial court having heard the testimony concerning what each brought to the marriage, what real and personal property had been acquired and with what funds, resolved the conflicts in the testimony and concluded the plaintiff was not entitled to any permanent

alimony, but that there should be a division of the property and that plaintiff should have the Missouri real estate owned by her at the time of the marriage, the household goods she brought to the marriage, some real estate in St. Joseph, Mo., purchased during the marriage, the two notes of $5,000 and $850, and a Ford automobile; that the defendant should have U. S. bonds payable to him of the face value of $700 and a loan of $3,453.60 on his son's real estate. The court further found the parties were the owners of a certain homestead, the undivided interest of the plaintiff being a gift from the defendant who furnished the consideration therefor, and that such real estate should be awarded the defendant. In its findings the court made no reference to U. S. bonds totaling $7,000 which the plaintiff testified she owned at the time of the marriage, nor how much thereof remained at the time of the divorce, nor did it mention her bank account of $1,300. The trial court rendered judgment that plaintiff have all notes and evidences of debt payable to her and in her possession as well as the Missouri real estate, the Ford automobile and certain itemized household goods; and that the defendant have the $700 U. S. bonds, the loan to his son, the homestead and all personal property at the home not given the plaintiff; and that plaintiff have judgment against the defendant for $750 in cash, the costs of the action and $200 for additional attorneys' fees.

Plaintiff filed her motion for a new trial as to the division of property and the denial of alimony to her. This motion was denied and she perfected her appeal to this court.

Under one general heading appellant argues that the trial court erred in not granting her alimony, in not granting her her interest in the homestead and in making an unjust and inadequate division of the property, all of which are comprehended by her specification of errors.

We shall not review the evidence as to the parties' versions of their financial difficulties, where money came from nor where it went. We note only the following: The homestead above mentioned was acquired in the following manner. Prior to the marriage appellee sustained a loss by fire, receiving payment therefor. He invested $3,000 in a home on highway No. 69. After the marriage this property was condemned for highway purposes and he was allowed $5,600 and the right to remove the house. After paying attorney fees of $200 the balance of $5,400 was divided equally between appellant and appellee. She invested her share in the St. Joseph,

Mo., property, taking title in such manner that her husband could have no interest therein. With his share appellee purchased vacant real estate, moved the house on it and cashed some life insurance policies and completed the home which they occupied at the time the divorce action was commenced. At the time of the purchase of the vacant real estate, and at the insistence of his wife, the title was taken in the names of both as joint tenants, not as tenants in common. During her direct examination appellant was asked whether in the event a divorce was granted, she desired the court to give her the home, to which she responded she had been gone since December and she would prefer a cash sum of the value of the place.

Appellant directs attention to the first sentence of G. S. 1935, 60-1511, providing that where a divorce is granted by reason of the fault of the husband the wife shall be restored to all property owned by her before the marriage or acquired in her own right after marriage and shall be allowed such alimony as the court shall think reasonable, which alimony may be allowed to her in real or personal property or by decreeing her such sum of money as the court may deem just and equitable, and argues that the trial court ignored the statute in that there was an outright refusal to grant any alimony to the appellant. It may be conceded the journal entry so recites, but the language therein is somewhat inept for following such a refusal, the trial court proceeded, subject to the homestead matter later considered, to give to the appellant the property owned by her before her marriage or acquired by her in her own right after marriage and not previously disposed of, as well also the sum of $750 and her attorneys' fees, all of which was in accord with the statute.

Appellant recognizes that this court has said on many occasions that the allowance of alimony rests in the sound discretion of the trial court; that it is a judicial discretion subject to review and correction if under the circumstances of the particular case, the allowance is clearly unreasonable, unjust and inadequate. In support she cites *Flautt v. Flautt*, 126 Kan. 21, 266 Pac. 746, and quotes from page 24 of the opinion the sentence,

"There is no fixed rule for determining what proportion of a husband's estate should be allowed to the wife as alimony, but there are many cases in which one-half of the estate was deemed a proper allowance."

and the remainder of the paragraph of which that sentence is a part. That case, as well as those referred to therein, and others,

were reviewed in the recent case of *Walno v. Walno*, 164 Kan. 620, 192 P. 2d 165. In the last cited case, the parties were in equal wrong, but this court said that the statement in the Flautt case that one-half of the husband's estate set no unvarying standard, for if it did there was no room for the exercise of discretion.

In the testimony of appellant and appellee there was a considerable conflict. We have no way of determining just how much of the story either told was credited by the trial court. It seems rather clear that in its order the trial court restored to the appellant all that remained of the property which she brought to the marriage, as well as the real property in St. Joseph, Mo., the initial purchase price of which was moneys received by appellant from appellee, and in addition made her a cash award. We are not triers of the fact and cannot say from the record that the wife took more in value under the decree than she brought to the marriage, although there is testimony which might warrant such a conclusion, as well as testimony that the decree left the husband with considerably less than he had at the time of the marriage. The trial court had the benefit of seeing and hearing the parties, it knew the ages of the parties, could form some opinion of the condition of health of each, and could weigh these matters in connection with the pecuniary condition of each in determining what allowance should be made to the wife. See *Mann v. Mann*, 136 Kan. 331, 15 P. 2d 478.

In what has been said we have put to one side the matter of the homestead. The manner in which it was acquired, and how the title came to be vested as it was has been explained. We have also directed attention to the appellant's testimony as to what should be done with it.

Appellant argues that the trial court's judgment setting off the homestead to the appellee violated G. S. 1935, 60-1511. She directs our attention to *Davison v. Davison*, 125 Kan. 807, 266 Pac. 650. In that case the divorce was granted to the husband for the fault of the wife and the second sentence of the above statute was under consideration. Under it the wife is to be restored to the property owned by her before, or by her separately acquired after, the marriage. This court held that the rule of the statute applied to gifts made to her by her husband such as money deposited in a bank, an automobile to which he had given her a bill of sale and to shares of corporate stock which he had had transferred to her on the books of the company.

In the case of *Mann v. Mann,* supra, the wife sought to invoke the rule of the Davison case, but this court pointed out that she did not claim the property but made the definite allegation in her petition that it was community property and that she only held the legal title thereto, and the testimony was to that effect and therefore she did not bring herself within the rule of the Davison case.

We note the third sentence of G. S. 1935, 60-1511, that:

"And to such property . . . as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division . . . as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

As has been observed appellant was not a tenant in common of the homestead. Whether it may be said properly the property was acquired jointly during the marriage need not be dwelt on, for the record makes it abundantly clear that when a former homestead, owned by the husband before the marriage, was taken in condemnation proceedings, the condemnation moneys were divided and appellant invested her share in separate property as previously stated. The other half was used to purchase the real estate comprising the homestead involved in this action, the title being taken as stated. Appellant contributed nothing to the acquisition of this homestead. It is true, as found by the trial court, that whatever interest appellant acquired was a gift, but as the record discloses, that gift was not an undivided one-half interest. The matter could not rest, however, upon a mere declaration of ownership—the parties were divorced and settlement of property rights was a duty the trial court could not evade. The trial court could take into consideration the whole series of facts including the division of moneys arising from condemnation of the first home, what was done by each party with his or her share, the condition of the title and the elements going into a complete property settlement, in determining what should be done with this jointly held property to make a just and reasonable disposition thereof and to effect a fair and just division thereof.

We have considered the record and briefs and conclude that appellant has not made it appear that the trial court abused its discretion and did not effect a fair and just division of the property rights of the parties, and its judgment is affirmed.