No. 38,257

Lowell R. Brown, *Appellee*, v. Maudie C. Brown, *Appellant*.

(232 P. 2d 603)

Opinion filed June 9, 1951.

*Everett E. Steerman* and *Elvin D. Perkins*, both of Emporia, argued the cause, and *Robert A. Schermerhorn*, of Junction City, was with them on the briefs for the appellant.

*I. M. Platt* and *Charles I. Platt*, both of Junction City, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an action by a husband for divorce on the grounds of extreme cruelty and gross neglect of duty, and asking for custody and control of the minor child, and other equitable relief. Defendant wife's answer denied plaintiff's charges and, by way of cross petition, charged plaintiff with the same faults and in

addition thereto, abandonment. She sought separate maintenance, custody of the child, and reasonable support money for the child.

Each party filed a lengthy bill of particulars setting up the acts of extreme cruelty, gross neglect of duty, and abandonment relied on under the pleadings, and showing a chain of events from the time shortly after their marriage in 1926 until the time of the filing of this action in the latter part of 1949 or early 1950.

This appeal is from the judgment of the lower court granting appellee husband a divorce on the grounds of extreme cruelty and gross neglect of duty, and awarding appellant specified real and personal property and child support. Appellant wife charges error of the trial court in that the judgment is not supported by sufficient corroborating evidence; that the acts complained of were condoned by appellee; that the property and child support awards are not supported by the evidence; and in overruling appellant's motion for a new trial.

The facts disclosed by the pleadings and evidence leading up to this action are briefly as follows: The parties hereto first became acquainted when appellee was a high school student and appellant wife a rural school teacher boarding and rooming at his home; they were married some four years later on May 26, 1926, appellee then being twenty years of age and appellant twenty-four. Their married life was from the beginning somewhat turbulent, appellant expressing disapproval of appellee's choice of jobs, his family, his hobbies and recreation choices, their houses and furniture (they moved twenty-three times in the twenty-four years of their married life); her constant nagging pertained also to the way he drove a car, his smoking, drinking, and so forth. Appellant continually complained of poor health, and at various times through the years used the persuasive powers of that elusive health, threats of suicide, becoming a nun, and similar "arguments" to gain her way. The parties have one child, a daughter, seventeen years of age at the time this action was brought by appellee.

Appellee left the home twice previous to the time this action was instituted; first in December, 1931, and again in 1947; but both times was induced to return by appellant's pleading and promises to change her behavior, but the promises were soon forgotten and the record of nagging, fault-finding and public accusations continued until, and even after, appellee left the home and instituted this action for divorce.

The court's journal entry of judgment granted the divorce to ap-

pellee; found appellee's net worth to be $41,272; awarded appellant as a division of the property the home, valued at $13,000, the household furniture and effects located therein, and the sum of $9,500 to be paid in five annual installments; set aside $3,095 (not a part of the mentioned assets) to appellant as her separate property; and gave appellant custody of the minor child until she reached the age of eighteen, with child support set at $60 monthly.

As to appellant's first complaint, that the judgment of the court is not supported by the evidence, we might say that no useful purpose could be gained by setting out in detail the evidence supporting plaintiff's allegations. The record in this case is replete with evidence showing a course of conduct of the defendant towards her husband which tended to humiliate and degrade him and which could properly be characterized as extreme cruelty.

Extreme cruelty as contemplated by the divorce statute is no longer regarded as being limited to acts of physical violence. It is now generally held that any unjustifiable and long practiced course of conduct by one spouse toward the other which utterly destroys the legitimate ends and objects of matrimony constitutes extreme cruelty though no physical or personal violence may be inflicted or threatened. Under some circumstances it may not be necessary that such conduct should continue over a long period to constitute extreme cruelty. (*Hayn v. Hayn,* 162 Kan. 189, 175 P. 2d 127; *Stegmeir v. Stegmeir,* 158 Kan. 511, 148 P. 2d 755; *Davis v. Davis,* 162 Kan. 701, 178 P. 2d 1015.)

In the instant case there was not only direct and corroborating testimony but also circumstantial evidence which the trial court could and did believe, that appellant's acts deeply wounded appellee's feelings and worried him greatly, and that the legitimate ends and objects of matrimony had been utterly destroyed thereby. The testimony justified granting the divorce to appellee. We need not discuss each detailed fact for the purpose of determining whether it falls precisely within the legal contemplation of gross neglect of duty or extreme cruelty. Some of the facts tend to support both grounds.

Appellant contends that resumption of the marriage relations of the parties in 1931 and again in 1947 constitutes condonation of all previous acts of cruelty and neglect of duty on the part of appellant. It may be noted that when appellee left his home on the mentioned dates, no action for divorce was filed.

The effect of voluntary cohabitation after acts of cruelty on the part of one spouse as evidencing condonation of the offense by the other stands upon a different basis than cohabitation after knowledge of adultery on the part of one spouse. Cruelty as a ground for divorce is generally a course of conduct rather than a single act. The rule is that sexual cohabitation after acts of cruelty cannot be considered as condonation in the sense in which it would be after an act of adultery. The effort to endure unkind treatment as long as possible is commendable; and it is obviously a just rule that the patient endurance by one spouse of the continuing ill treatment of the other should never be allowed to weaken his or her right to relief. (17 Am. Jur. 257.)

Condonation of the violation of marital duties and obligations is conditioned on the future good conduct of the offending spouse, and a subsequent offense on his or her part revokes or nullifies the condonation and revives the original offense as a ground for divorce. In other words, condonation ceases to be a defense to a divorce suit where the condoned offense is repeated. Condonation, if proved, implies the condition that kindness shall supplant the cruelty complained of. It is well established that subsequent conjugal unkindness will avoid condonation, even though such unkindness is less than extreme cruelty, and insufficient of itself as a ground for divorce. (*Hickman v. Hickman*, 188 Ia. 697, 176 N. W. 698, 14 A. L. R. 929; 17 Am. Jur. 258, sec. 213; 27 C. J. S. 616, 617; see also Anno. 14 A. L. R. 931 to 944.)

It is next urged that the property award to appellant is not supported by the evidence. Pertinent provisions of G. S. 1949, 60-1511 read as follows:

"If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after the marriage . . . also the court may award the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable."

It will be noted from the quoted statute that where the husband is granted a divorce for the fault of the wife in a divorce action, the trial court is clearly vested with power, after setting aside to her her separately acquired property, to make such a division of the property, real and personal, between the parties as may appear to be just and reasonable.

This court has interpreted the above statute in a number of cases. In *Hayn v. Hayn*, supra, we said:

"Under the provisions of G. S. 1945 Supp., 60-1511, it rests in the sound discretion of the trial court whether it will award any portion of the husband's separate property to the wife when the divorce is granted to the husband by reason of the fault or aggression of the wife."

The rule in this jurisdiction has always been that a division of property made by the trial court in a divorce action will not be disturbed on appellate review unless it is clearly made to appear the trial court's action in making that division amounted to an abuse of discretion. (*Harris v. Harris*, 169 Kan. 339, 219 P. 2d 454; *Walno v. Walno*, 164 Kan. 620, 192 P. 2d 165, and cases therein cited.) We are unable to find anything in the record which would justify a holding that the trial court abused its discretion.

It is next urged that the allowance of $60 per month for the support of the seventeen year-old minor daughter, a high school student, was inadequate. G. S. 1949, 60-1510 provides:

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper."

In view of the foregoing statute, it is apparent that the court's jurisdiction over minor children, including orders for their support, is a continuing jurisdiction. Its orders may and should be changed from time to time as conditions require. We cannot say that $60 per month under the circumstances of this case was not an adequate amount for the support of the minor daughter at the time of the trial of this action. If times and conditions should change to such an extent that the amount appears to be inadequate, the appellant may seek redress on proper application in the court below to alter such order.

It is next urged the trial court erred in overruling appellant's motion for a new trial. The argument on this point is a repetition in a large measure of points heretofore covered, and needs no further comment.

We have carefully examined the record in this case on all points covered by appellant's assignments of error, and find nothing to warrant a reversal of the judgment of the trial court. The judgment is affirmed.