Argued February 28, affirmed March 12, 1952

HOFFMAN *v.* HOFFMAN

241 P. 2d 872

*C. H. Greene,* of Portland, argued the cause for appellant. With him on the brief was Edwin H. Lewis, of Portland.

*Walden Stout,* of Portland, filed a brief for respondent.

Before BRAND, Chief Justice, and HAY, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

This is a divorce suit commenced by Bernice E. Hoffman, as plaintiff, against Adolph G. Hoffman, as

defendant. A decree was entered in favor of plaintiff, and defendant appeals.

At the outset, we mention the fact that this suit was tried before Hon. Arlie G. Walker who, on the first Monday of January, 1952, completed 25 years of able and distinguished service as a circuit judge of this state.

Plaintiff charged defendant with certain acts of cruel and inhuman treatment, which defendant denied. Defendant cross-complained, charging plaintiff with certain acts of cruel and inhuman treatment, which plaintiff denied. The custody of a five-year-old child of the parties was involved, also some property rights. Custody of the child was awarded to plaintiff, and the property rights were adjudicated.

■ No good purpose would be served in reviewing the evidence in the case. Suffice it to say that there was ample evidence which, if believed, entitled plaintiff to a decree. Of course, there was a dispute in the evidence. But the experienced trial judge was in much better position to separate the wheat from the chaff than are we, as he had the opportunity of observing the conduct and demeanor of the witnesses while they were testifying; whereas, we are confined to a reading of the printed record. In all such cases, the findings of the trial judge are entitled to great weight.

Defendant urges upon us the contention that the evidence did not establish cruel and inhuman treatment as a matter of law and invites our attention to the case of *Hickman v. Hickman,* 188 Iowa 697, 699, 176 NW 698, wherein the following rule is announced:

> "Moreover, cruelty does not, of itself, become a ground of action. It must be endured by the aggrieved party to the breaking point, even though it continue for a long period of time. If the aggrieved party can endure without danger to life, she has no

cause of action for divorce. Up to that point, she can do nothing but condone. It is only when the cruelty becomes a danger to life that a cause of action accrues therefor.''

That is the law of Iowa, but it is not, nor ever has been, the law of this state. This decision by the Iowa court must be read in the light of the statutes of that state. Section 598.8, Vol. II, Iowa Code 1946, provides as a ground for divorce in favor of the wife as follows:

"5. When he is guilty of such inhuman treatment as to endanger the life of his wife.''

Our statute is much more humane. Section 9-907, OCLA, provides as one of the grounds for divorce the following:

" (6) Cruel and inhuman treatment or personal indignities rendering life burdensome.''

■ It is unnecessary for us to prolong this opinion by discussing our own decisions respecting what acts constitute cruel and inhuman treatment within the meaning of our statute. Any mistreatment by one spouse of the other that continues over such a period of time as to render life burdensome on the part of the injured party, and tends to cause an impairment of health, is cruel and inhuman treatment entitling such party to a decree of divorce. Each case depends upon its own peculiar facts and circumstances, and what might be deemed cruel and inhuman treatment in one case might not be so treated in another. Many factors enter into a final determination of the question, and those factors vary in each case, depending upon many considerations.

On this appeal no question is raised by defendant respecting the custody of the child or the adjustment of the property rights. We have discovered no reason for disturbing the ultimate conclusions of the trial court.

Decree affirmed. Plaintiff is entitled to costs.