Nos. 38,965 and 38,986

HELEN PERRY, *Appellee,* v. CARL PERRY, *Appellant.*

(268 P. 2d 938)

· Opinion filed April 10, 1954.

*Alan B. Phares,* of Wichita, argued the cause, and *P. J. Warnick, Henry E. Martz* and *Hal M. Black,* all of Wichita, were with him on the briefs for the appellant.

⸲ *Clarence R. Sowers,* of Wichita, argued the cause, and *John W. Sowers,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Plaintiff commenced this action for divorce, alimony and division of property, charging her husband with extreme cruelty. By way of answer and cross petition the husband denied the allegations of the petition, charged his wife with cruelty and

asked that he be granted a divorce. With issues so joined the cause was tried in the district court of Sedgwick county where the trial court denied the parties a divorce but, in conformity with G. S. 1949, 60-1506, made division of their property. Thereupon, after the overruling of his motion for a new trial, the husband perfected an appeal from such judgment which, when it reached this court, was docketed as case No. 38,965.

On October 3, 1952, some three days after perfecting the appeal just mentioned, the parties induced the trial court to set aside its order overruling plaintiff's prior motion for a new trial and prevailed on that tribunal to retry the issues. On the same date, based upon evidence then adduced, the court found that plaintiff should be granted a divorce from the defendant; that its prior order regarding division of their property should remain in force and effect; and rendered judgment in accord with such findings. Following the rendition of this decree defendant moved for a new trial on the portion of the judgment relating to the property division only. When such motion was overruled he perfected an appeal from that ruling. It is docketed in this court as case No. 38,986. Subsequently 38,965 was consolidated with 38,986 and since the two appeals have been carried on our docket and on the briefs in that manner. Nevertheless, since the record discloses the parties sought and obtained a new trial on all issues involved in the action after defendant had perfected the first appeal, it should be pointed out that such appeal no longer presents any issues for appellate review.

From what has been related it appears the sole issue now involved on appellate review is whether the trial court erred in the division of property.

The precise question thus raised is not new to this court and, of course, must be disposed of in the light of rules, governing the decision of questions of like import, long since well established, but nevertheless recently repeated, and adhered to in *Reedy v. Reedy*, 175 Kan. 438, 264 P. 2d 913, which holds:

"Under the provisions of G. S. 1949, 60-1511, when a husband is granted a divorce by reason of the fault or aggression of the wife, the division of property to be made between the parties, irrespective whether such property has been jointly acquired or is the separate property of the husband, is a matter which rests in the sound judicial discretion of the trial court.

"A division of property made by the trial court in a divorce action will not be disturbed unless it is clearly shown that there was an abuse of discretion." (Syl. ¶¶ 1, 2.)

For other decisions of like import see *Harris v. Harris,* 169 Kan. 339, 219 P. 2d 454; *Brown v. Brown,* 171 Kan. 249, 232 P. 2d 603, 32 A. L. R. 2d 102; *Henry v. Henry,* 171 Kan. 307, 232 P. 2d 473; *Berndt v. Berndt,* 175 Kan. 134, 259 P. 2d 197.

The fact, as may be noted, that the foregoing rules are stated and applied in a case where a husband was granted the divorce for fault of the wife makes them no less applicable in the case at bar. This court has held many times that when a divorce is granted a wife by reason of the fault of her husband an allowance of alimony or division of property made by the trial court rests in its sound discretion and will not be set aside or disturbed on appellate review unless it clearly appears from the record that it failed to exercise or abused that discretion. See *Mathey v. Mathey,* 175 Kan. 446, 264 P. 2d 1058; *Krueger v. Krueger,* 174 Kan. 249, 255 P. 2d 621; *DeWitt v. DeWitt,* 170 Kan. 58, 223 P. 2d 970; *Carlat v. Carlat,* 168 Kan. 600, 215 P. 2d 200; *Stanton v. Stanton,* 166 Kan. 386, 201 P. 2d 1076; *Walno v. Walno,* 164 Kan. 620, 192 P. 2d 165.

Turning to the record it may be said the journal entry discloses that the trial court, without specifying their value, awarded appellee a Ford automobile and two tracts of real estate located in the City of Wichita subject to a mortgage of $12,277.85. It is also to be noted both parties concede the net worth of this property was $36,222.15 and agree that on the date of the rendition of the decree appellant was also the owner of a Cadillac automobile and two other pieces of property in Wichita (one the family home and the other in which he conducted his business as a real estate agent) subject to a mortgage of $10,500.00, all of the net worth of $25,-500.00.

From this point on nothing regarding the financial status of the parties is conceded. In a general way it may be stated appellee contends appellant owned a going real estate business and other properties of substantial value, while the appellant insists he owned no other property, that his real estate business was of little, if any, value, and that he owed obligations in excess of $24,000.00.

It would be of no benefit to the bench and bar, add nothing to our reported decisions and serve no useful purpose, to either detail or labor a confused and conflicting record respecting the evidence relating to appellant's financial condition. It suffices to say the parties themselves cannot even agree as to its import and that a painstaking review of the evidence presented by the record leaves

us in a position where we are unable to form a definite or accurate opinion on that question. In fact if we were forced to reach and announce a conclusion thereon it would have to be based on guess, speculation and conjecture. However, it may be said, the record does make it clear that the parties were married in 1929 and raised two daughters who have reached an age where their custody is no longer of concern to this court; that they acquired little, if any, property of value prior to January, 1941; that whatever property they owned on the date of the decree, including that to which we have heretofore specifically referred, was acquired between that date and September, 1952; that on the date of the decree appellant was a real estate broker with a going real estate business, the office overhead of which was $600 per month; that his gross income for 1952 from such business amounted to at least $42,000.00, if not more; that his net income for federal and state taxes in 1951 was $31,396.69. Such record also discloses that while testifying as a witness in his own behalf appellant's response to questions respecting the extent of other assets owned by him, particularly those asked him by counsel for appellee, was so evasive, conflicting and contradictory that the trial court might well have concluded he owned additional properties of considerable value and given little credence to his statements to the effect he owed and was obligated to pay liabilities in excess of $24,000.00, over and above any and all equities he might have therein.

With a record such as has been heretofore outlined, and conceding that the award complained of seems to be quite liberal on the face of what may be definitely ascertained therefrom, we are not prepared to say the division of property made by the trial court was so unreasonable, exorbitant or disproportionate as to constitute an abuse of judicial discretion and, of a certainty, would not be warranted in holding action of that character on its part has been clearly shown. Therefore adherence to the applicable rules, so well established by our decisions, compels a conclusion its judgment cannot be disturbed and should be affirmed.

It is so ordered.