No. 40,001

Charles H. Groh, *Appellee*, v. Opal I. Groh, *Appellant*.

(295 P. 2d 653)

Opinion filed April 7, 1956.

*Melvin E. Buck*, of Kansas City, argued the cause and *Robert H. Miller*, of Paola, and *Howard E. Payne*, of Olathe, were with him on the briefs for the appellant.

· *Howard Hudson*, of Fort Scott, argued the cause and *Oliver D. Rinehart*, of Paola, *Douglas Hudson* and *Douglas G. Hudson*, both of Fort Scott, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, C. J.: This was a divorce action. The appeal is from the judgment dividing the property and settling the property rights of the parties. There had been one other divorce action between these parties. A divorce had been granted defendant wife from her husband. That decree was subsequently set aside. The action was dismissed on February 15, 1955. That day this action was commenced by the husband.

The petition alleged the necessary facts of residence; that the parties were married on December 27, 1947, and had been husband and wife ever since; that no children had been born to the union and defendant had been guilty of gross neglect of duty, by reason of which the plaintiff, that is, the husband, was entitled to a divorce. It was further alleged the parties had property which should be equitably divided between them. The prayer was for a divorce and division of the property and other equitable relief. The petition was filed on February 15, 1955. On February 23, 1955, the defendant filed first a general denial and admitted the facts of residence, that no children had been born to the union, and that they had property which should be equitably divided.

For a cross petition she alleged she had been a dutiful and faithful wife with no fault on her part and that plaintiff had been guilty of extreme cruelty and gross neglect of duty and it was impossible for them to continue to live together as husband and wife. She then alleged that during their married life they had accumulated substantial property; that certain real estate had been sold and a bank was holding as escrow agent the sum of $7,635.45; that they had entered into an agreement in writing by which this was to be divided equally; that the plaintiff had been permitted to withdraw a portion of his share and $1,600 had been charged against his interest therein; that they had household goods, most of which were the property of defendant, and a substantial amount of which was at that time in the possession of the plaintiff; that all of these should be awarded the defendant; that she believed the plaintiff had concealed a substantial amount of money, which had been on deposit in banks, and was attempting to defraud her out of it and he should be required to give a complete accounting; that shortly before the marriage she advanced $500 to him for the purpose of buying cattle, which became their joint property, and she

had before their marriage advanced $2,500; that plaintiff operated a farm during 1952, 1953 and 1954 and raised a considerable amount of hay and grain for which he refused to account, except he gave her $50, and he should be required to give a complete accounting. The prayer of the cross petition was for a divorce and that the property rights be equally adjusted and her attorney allowed a fee.

The answer of the plaintiff to this cross petition was first a general denial and then a specific denial that there was any agreement to divide equally the proceeds. On account of the final judgment we are not interested any further in this contract.

The prayer was that defendant take nothing under her cross petition and plaintiff be granted relief as in his original petition prayed for.

The defendant entered her appearance immediately on the action being filed, whereupon the trial court found the action was commenced immediately after the dismissal by the court of the former case, an emergency was declared and evidence heard immediately.

The motions of defendant wife for temporary alimony and attorney fees were denied and $150 was ordered paid to each party through their attorneys from money on deposit in a bank.

It was adjudged that plaintiff, that is, the husband, had been guilty of gross neglect of duty toward defendant and by reason thereof she was given a divorce. There was set aside to the plaintiff the property which he owned in Jefferson county to be his absolutely.

On March 29, 1955, the trial court entered its final judgment in which there was set over to defendant Opal the title to the property she owned in Kansas City, Missouri, and all furniture and personal property which had been moved from the residence of the parties. It was further adjudged she was to receive out of the $7,335.48 in escrow $1,850; and there was awarded plaintiff the real estate in Jefferson county, together with all the farming equipment and personal property he might have in his possession, together with $5,435.48 out of the $7,335.48 in escrow. It was further adjudged each party should pay his or her own attorney fee. The costs were assessed against the plaintiff. Defendant's motion for a new trial was overruled.

Defendant appealed from the order of March 29, 1955, dividing the property, and from the order of May 24, 1955, denying defendant's motion for a new trial.

The specifications of error are that the trial court erred in abusing its discretion by failing to award defendant suit money and attorney fees; in failing to award defendant a fair and equitable share of the property jointly owned by the parties; in failing to award defendant any proceeds from the sale of crops acquired during the marriage other than a small number of items of household goods; and in only awarding defendant 25 percent of the proceeds from the sale of the farm.

She argues only the question whether the trial court erred by abusing its discretion by awarding her less than 25 percent of the net proceeds from the sale of the jointly acquired homestead and other property.

The pertinent statute, G. S. 1949, 60-1511, provides in part as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to . . . all the property . . . owned by her before her marriage . . . and not previously disposed of, and shall be allowed such alimony as the court shall think reasonable . . ."

G. S. 1949, 60-1507, provides in part as follows:

". . . on granting a divorce in favor of the wife or refusing of the application of her husband, the court may require the husband to pay such reasonable expenses of the wife in the prosecution or defense of the action as may be just and proper, considering the respective parties and the means and property of each . . ."

The defendant concedes there is no set rule in such cases and that the division was at the discretion of the trial court. She argues, however, the decision should be supported by substantial evidence and that the division was fair and equitable taking into consideration all the surrounding facts and circumstances. She argues the trial court's judgment did not meet this test. In effect she asks us to read this record and reach a different conclusion than that reached by the trial court.

The affairs of the parties had been managed so that substantially all they had outside of an item of household goods, which were given defendant, was the money on deposit in the bank from the sale of the last farm owned by them. There was a great deal of testimony by both parties as to other transactions in which money was expended, sometimes for a gain, more often for a loss. The trial court remarked in a memorandum opinion that the financial dealings between the parties were "not understandable." The evidence did not tend to prove that plaintiff had any cash or other

personal property concealed. The record of their financial transactions offered us is not such as to enable us to examine it and reach a different conclusion than that reached by the trial court with any confidence it would be any more equitable. Defendant was awarded her household goods worth a substantial amount; the real property she had owned in Missouri at the time of the marriage and a substantial part of the cash in the bank. There was evidence that plaintiff was considerably worse off at the time of the divorce than at the time of the marriage. In other words, the couple had lost money instead of accumulating any.

We are unable to find where the trial court abused its discretion. (See *Stanton v. Stanton*, 166 Kan. 386, 201 P. 2d 1076.)

Defendant does not argue the question about attorney fees and suit money—hence it will not be discussed here.

The judgment of the trial court is affirmed.