No. 41,071

THELMA R. LONG, *Appellee,* v. JESSE R. LONG, *Appellant.*

(331 P. 2d 306)

Opinion filed November 8, 1958.

*Roy L. Rogers,* of Wichita, argued the cause, and *Pat Warnick* and *Alan B. Phares,* both of Wichita, were with him on the briefs for the appellant.

*R. E. Angle,* of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a divorce case in which plaintiff-appellee (wife) was granted a divorce for the fault of defendant-appellant (husband). The sole issue presented on appeal is whether the trial court abused its discretion in its division of the property owned by the parties. Counsel for defendant recognized that this court has held many times that when a divorce is granted a wife by reason of the fault of the husband an allowance of alimony and division of property made by the trial court under the provisions of G. S. 1949, 60-1511 rest in the court's discretion and such will not be set aside or disturbed on appeal, unless it clearly appears from the record that the court failed to exercise or abused its discretion. (*Matlock v. Matlock,* 182 Kan. 631, 323 P. 2d 646; *Goetz v. Goetz,* 180 Kan. 569, 306 P. 2d 167; *Perry v. Perry,* 176 Kan. 1, 268 P. 2d 938; *Mathey v. Mathey,* 175 Kan. 446, 264 P. 2d 1058; *Reedy v. Reedy,* 175 Kan. 438, 264 P. 2d 913; *Brown v. Brown,* 171 Kan. 249, 232 P. 2d 603, 32 A. L. R. 2d 102.)

The facts pertinent to the issue involved are: The parties were married August 7, 1952. It was the second marriage for each. At the time of the marriage plaintiff had two sons, ages eleven and fourteen, by a previous marriage, and defendant one adopted son, age nine. At that time defendant owned an equity in a small house to which the parties moved and where they lived for a short time. The equity was sold and during their marriage the parties acquired,

by trade or purchase, a home at Peck and an equity in a rooming house at Wichita. During the marriage relationship plaintiff performed her household duties and particularly assisted defendant's retarded son in his education. Defendant was a toolmaker earning approximately $100 a week. Both parties were and are in poor health.

At the time of trial the court found the equity in the Wichita property to be $1,250 to $1,750 and the value of the Peck property to be as much or more. By way of division of the property the trial court set aside the equity in the Wichita property to the plaintiff, and the Peck property, clear of encumbrance, to the defendant. Each was given title to an automobile and certain household goods. The defendant was given certain government bonds and the balance of the bank account.

No further comment on the evidence is necessary. We are unable to find anything in the record which would justify holding that the trial court abused its discretion. The judgment is affirmed.

It is so ordered.