No. 42,003

Roy Bunger, *Appellant,* v. Flora Bunger, a/k/a Lavina Bunger, *Appellee.*

(359 P. 2d 1113)

Opinion filed March 4, 1961.

*David H. Heilman,* of Council Grove, argued the cause and was on the briefs for the appellant.

*Richard M. Pugh,* of Wamego, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This appeal is from the trial court's judgment and order concerning the division of property in a divorce proceeding, from the order overruling plaintiff's motion for new trial, and from all other orders, rulings and decisions.

Plaintiff filed his petition seeking a divorce and equitable division of property acquired subsequent to the marriage and asked that

the court recognize an antenuptial agreement dated March 28, 1944.

Defendant's answer contained a general denial but admitted residence, marriage, and execution of the antenuptial agreement. Her cross petition seeking a divorce alleged there had been an increase in plaintiff's share of certain land from $9,000 at the time of marriage to $21,000, and that the parties had acquired certain personal property. It further alleged their antenuptial agreement dated March 28, 1944, and a supplement thereto dated May 9, 1946, copies of which were attached as exhibits, and to which reference will be made herein when necessary.

Plaintiff filed his reply along with an answer to the cross petition. Trial was had and on December 16, 1959, the trial court entered its judgment wherein defendant was granted a divorce and a property settlement setting aside certain property to her. The trial judge stated he was recognizing the fact plaintiff was a man seventy-five years of age; he was not holding the antenuptial agreement invalid but he was holding that because plaintiff and defendant had lived together thirteen years after its execution, defendant had acquired certain rights thereunder. Defendant was given the furniture and personal property she then had in her possession including bonds, bank account, and automobile, as well as all of her personal effects. The remainder of the furniture was given to plaintiff. Defendant was also given an additional $3,000 to be paid by plaintiff within three years, which was adjudged to be a lien principally on the real estate of plaintiff. Timely motion for new trial was filed by plaintiff and overruled on January 7, 1960. On February 4, 1960, plaintiff appealed from the judgment of property settlement and from the order overruling the motion for new trial. Thus the questions here for appellate review are—did the trial court err (1) in dividing the property acquired by the parties subsequent to their marriage and (2) in overruling the motion for new trial?

The axle around which all arguments by the parties turn seems to be the antenuptial agreement. Plaintiff claims the agreement was valid and binding on the parties but that the trial court did not properly award and divide the property thereunder. Defendant claims that by reason of the supplement to the antenuptial agreement, the whole agreement was made void, but that failure of the trial court to hold the antenuptial agreement invalid does not mean that it was valid. We cannot agree with defendant's theory because the trial court correctly treated the antenuptial agreement as a valid contract and held that it was controlling so far as it affected the

property belonging to each of the parties at the time of the execution of the contract and also as to all rents, issues and profits subsequently derived therefrom. The agreement as to defendant's property particularly stated *all property now belonging to her*, but as to plaintiff, the agreement stated only an *undivided one half interest* in all of plaintiff's property. Antenuptial agreements are to be liberally construed to carry out the intention of the parties and rules governing the construction of contracts generally are applicable to the construction of property settlement contracts. (*In re Estate of Gustason*, 173 Kan. 619, 623, 250 P. 2d 837.)

In a recent case (*In re Estate of Ward*, 178 Kan. 366, 285 P. 2d 1081) involving an antenuptial contract, we find the following statement which applies and governs in the present appeal:

"As to consideration for the agreement, it may be said the fact it was in writing imported consideration (G. S. 1949, 16-107). Moreover, since the agreement was in contemplation of marriage, and the marriage was consummated within a few days, the marriage itself completed any lack of consideration in the agreement." (p. 372.)

Here, as in the Ward case, the trial court did not err in its legal conclusion that the antenuptial contract was freely and fairly executed by the parties in good faith, without fraud or overreaching on the part of either, and that the contract was valid and binding.

Plaintiff's claims of error are not well taken considering the fact that the divorce was not granted to him but was granted to defendant on her cross petition. Although no antenuptial agreement was involved, in *Garver v. Garver*, 184 Kan. 145, 334 P. 2d 408, this court explained what a trial court is expected to do when a wife has property of her own and she is granted the divorce. The syllabus reads:

"When a wife is granted a divorce by reason of the fault of the husband, the trial court, under the provisions of G. S. 1949, 60-1511, shall (1) restore to the wife all the property owned by her prior to the marriage or separately acquired by her in her own right after the marriage, (2) allow such alimony as it deems reasonable, and (3) make such division of the property jointly acquired by the parties during the marriage as may appear just and reasonable."

Another case of interest as to 60-1511 is *Carson, Executrix, v. Ellis*, 186 Kan. 112, 348 P. 2d 807.

We do not deem it necessary to set out all the financial transactions that took place between the parties during their thirteen years of marriage. The trial court heard the testimony and determined the result of those facts. In effect plaintiff asks this court to read the record and reach a different conclusion from that reached by the

trial court. Such is not the function of this appellate court in a divorce proceeding. (*Groh v. Groh,* 179 Kan. 353, 356, 295 P. 2d 653.)

Plaintiff assumed two burdens in attempting to sustain his contention that the trial court erred. He failed in the first because the antenuptial agreement was in no way changed, modified, or violated by the trial court's judgment settling the property rights of the parties. Under the second, in trying to show that the trial court abused its discretion in making the property settlement, plaintiff cites a number of our decisions, but they are readily distinguishable and are of no help to us here. Numerous cases have been decided pursuant to G. S. 1949, 60-1511 where the wife was awarded the decree because of fault of the husband, as here. Two of them are *Groh v. Groh,* supra, and *Long v. Long,* 183 Kan. 641, 331 P. 2d 306, in the latter of which it was recognized that this court has often held:

". . . that when a divorce is granted a wife by reason of the fault of the husband an allowance of alimony and division of property made by the trial court under the provisions of G. S. 1949, 60-1511 rest in the court's discretion and such will not be set aside or disturbed on appeal, unless it clearly appears from the record that the court failed to exercise or abused its discretion." (p. 641.)

Plaintiff has failed to sustain his burden and we find no error in the judgment below.

Affirmed.