No. 42,607

EARL L. HAMMACK, *Appellee,* v. MARY E. HAMMACK, *Appellant.*

(370 P. 2d 93)

Opinion filed April 7, 1962.

*Earl M. Clarkson, Jr.,* of Wichita, argued the cause, and *Wilmer E. Goering, I. D. Brown* and *Forest V. McCalley,* all of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: In this case the husband was granted a divorce from the wife, and she has appealed. The parties had no children, and property rights are not involved. The sole question is whether there was substantial evidence to support the district court's judgment awarding a divorce to the husband upon the grounds of extreme cruelty and gross neglect of duty.

The parties had been married approximately 31 years when the husband filed his petition for a divorce on August 27, 1960. It would serve little purpose to detail the testimony of the various witnesses who testified in plaintiff's behalf, and we make only a general summarization of the evidence which tends to support the district court's finding of extreme cruelty and gross neglect of duty on the part of the wife. The evidence disclosed that, through a long and persistent course of action, conduct on the part of the wife

consisting of constant nagging, bickering, unjust accusations, lack of peace and quiet in the home, complete rejection of sexual life for nine years, and outbursts of physical violence, when coupled with a heart ailment for which the husband had been hospitalized a short time before the action was commenced was sufficient to grant the divorce on the ground of extreme cruelty. All of the foregoing with the exception of the rejection of sexual life and physical violence was amply corroborated by witnesses related to the wife.

During the pendency of the action both parties submitted to examination by a marriage consultant psychologist and his summary of the interview with the wife was that she was obsessively preoccupied with suspiciousness which she projected into her husband's actions and relationships; that she showed evidence of some severe disturbance in her sexual responsiveness, and that she busied herself with obsessive repetitive thinking, preoccupied with the suspicious things which rendered her most unhealthy to live with. Unquestionably, the wife's course of conduct resulted in a substantial impairment and threat to the husband's physical as well as mental health. (*Carpenter v. Carpenter*, 30 Kan. 712, 2 Pac. 122; *Stegmeir v. Stegmeir*, 158 Kan. 511, 148 P. 2d 755.) Moreover, the evidence justified the district court, considering the husband's evidence alone, in finding extreme cruelty on the part of the wife under the rule that any unjustifiable and long practiced course of conduct by one spouse toward the other which utterly destroys the legitimate ends and objects of matrimony constitutes extreme cruelty. (*Paul v. Paul,* 183 Kan. 201, 326 P. 2d 283.)

No specific findings of fact were requested or made and the district court was justified in granting the husband a divorce for either extreme cruelty or gross neglect of duty. There is a considerable overlapping in those grounds for divorce. The expression, "gross neglect of duty," is indefinite, and it is difficult to lay down any general rule by which every case can be determined to be within or without its limits. Each case must be examined by itself (*Smith v. Smith,* 22 Kan. 699.) Cruelty has been recognized as a possible element in gross neglect of duty. (*Kelso v. Kelso,* 182 Kan. 665, 324 P. 2d 165.)

The general finding in favor of the husband that the wife had been guilty of extreme cruelty and gross neglect of duty carries with it all the facts necessary to support the judgment, and this court will not weigh evidence where a general finding is supported

by substantial testimony. (*Davis v. Davis,* 162 Kan. 701, 178 P. 2d 1015; *Tuley v. Tuley,* 168 Kan. 106, 211 P. 2d 95; *Rosander v. Rosander,* 177 Kan. 45, 276 P. 2d 338.)

Our review of the record compels the conclusion that the judgment must be affirmed.

It is so ordered.